Argued May 2, reversed with instructions for
new trial June 19, 1963

## STATE OF OREGON *v.* ELLIOTT
383 P. 2d 382

*Leo Levenson,* Portland, argued the cause and filed a brief for appellant.

*George Van Hoomissen,* District Attorney for Multnomah County, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

PERRY, J.

The defendant was convicted of the crime of manslaughter by abortion, and appeals.

The evidence discloses that a teen-age girl became pregnant. There is evidence from which the jury could have found that she became mentally overwrought by her condition and on two occasions attempted self-destruction. There is further evidence that the defendant performed the abortion.

■ The defendant contends that the indictment fails to state a crime and therefore the court erred in admitting any evidence, and, in failing to sustain his motion for a directed verdict of acquittal. The defendant's contention is based upon the proposition that it is necessary to allege in the indictment that the defendant was not a licensed medical or osteopathic physician.

Manslaughter by abortion is defined by ORS 163.060 as follows:

"If any person administers to any woman pregnant with a child any medicine, drug or substance whatever, or uses or employs any instrument or other means, with intent thereby to destroy such child, unless the same is necessary to preserve the life of such mother, such person shall, in case the death of such child or mother is thereby produced, be deemed guilty of manslaughter."

In *State of Oregon v. Buck*, 200 Or 87, 262 P2d 495, this court held that where the indictment charged a duly licensed physician with manslaughter by abortion it was necessary to negative the fact that the abortion

was performed in accordance with the provisions of ORS 677.190 (2), i.e., to preserve the health of the expectant mother. Though two separate acts, they each dealt with the same subject matter and were to be considered in pari materia.

The defendant herein does not contend that the indictment alleges he is a doctor or that the evidence will disclose that he is a member of the medical profession or an osteopathic physician, but only that since this court has construed the Medical and Osteopathic Acts as engrafting an exception into the Manslaughter by Abortion Act, the exception must be negatived in any indictment charging this crime.

The rule in this state as to the necessity of negativing exceptions or provisos in criminal indictments was early set out by Mr. Justice ROBERT S. BEAN in the case of *State v. Tamler & Polly,* 19 Or 528, 530, 25 P 71, 9 LRA, as follows:

"* * * The exceptions should be negatived only when they are descriptive of the offense, or a necessary ingredient of its definition; but when they afford matter of excuse merely, they are matters of defense and therefore need not be negatived in the indictment. * * *"

And Mr. Justice LUSK, after setting forth the above rule in *State v. Schriber,* 185 Or 615, 205 P2d 149, noted (185 Or 630), "There has been no departure in the decisions of this court from the principles thus enunciated."

It is clear that the Medical Practice Act is not a material part of the description of the offense, but is simply a limitation upon the application of the provisions of the Criminal Act as to Medical and Osteopathic phyiscians, and therefore, unless a person is

charged as a medical or osteopathic physician in the indictment, the exception, as to him, is a matter of defense and need not be alleged.

In the case of *State of Oregon v. Buck,* supra, where the defendant was indicted as a medical doctor, we therefore held without discussion that it was necessary in that indictment to allege that the abortion was not performed to preserve the health of the woman. The state, having alleged defendant was a doctor, the defendant could have entered a plea of guilty and still not have been guilty of the crime as charged, since the abortion could have been performed to preserve health as distinguished from saving life. In an indictment "the conclusions to which accused is entitled under the presumption of innocence should be excluded. * * *" 42 CJS 996, Indictments and Informations, § 116.

The trial court correctly denied defendant's motion.

■ The defendant also contends that since the Medical and Osteopathic Acts as to abortion have been construed in pari materia by this court the Act now violates the 14th Amendment to the Federal Constitution, and Article I, Section 20, and Article IV, Section 23(2) of the Oregon Constitution. The defendant's arguments are so lacking in merit that we decline to consider them, except to state that, construing the acts together, they do not violate any requirements or provisions of either the state or federal constitutions.

■ The trial court instructed the jury, "The law conclusively presumes a malicious and guilty intent from the deliberate commission of any unlawful act." The defendant properly excepted to the instruction on the basis that the presumption of criminal intent is not conclusive, but rebuttable. A conclusive presumption

is not an evidentiary rule, but a rule of substantive law. It requires a certain result from established facts. *Farnsworth v. Hazelett,* 197 Iowa 1367, 199 NW 410, 38 ALR 814; *United Life & Accident v. Prostic,* 169 Md 535, 182 A 421.

■ No citation of authority is necessary for the statement that in a criminal case in this jurisdiction a defendant is presumed to be innocent of the offense charged and every necessary element thereof until his guilt is established beyond a reasonable doubt. Doubt is only removed when a jury returns a verdict of guilty, for the presumption of innocence is a disputable question which goes with the jury into the jury room for consideration. *State v. Rosasco,* 103 Or 343, 205 P 290.

■ In *State of Oregon v. Nodine,* 198 Or 679, 259 P2d 1056, this court pointed out that the statutory conclusive presumption of " 'an intent to murder is conclusively presumed from the deliberate use of a deadly weapon, causing death within a year, * * *' ". ORS 41.350 (1) should not be given as an instruction of law if there is any evidence from which the jury could find the intent to kill did not exist. We said, "It is certainly illogical and apt to produce confusion to tell a jury in one breath that there is a conclusive presumption of an intent to kill and in the next to submit that question to the jury as one of fact for their determination." (198 Or 695). We would now add, that since the presumption of innocence is a species of evidence, instructions on conclusive presumptions as to intent should never be given in a criminal case. We also point out that the instruction as given is not the conclusive presumption provided by statute.

"The following presumptions, and no others, are conclusive:

"* * * * *

> "A malicious and guilty intent, from the deliberate commission of an unlawful act, for the purpose of injuring another." ORS 41.350 (2).

The only rule of law which resembles the instruction given is the rebuttable presumption that "An unlawful act was done with an unlawful intent." ORS 41.360 (2). Since the instruction given was erroneous, the question presented is whether or not it was prejudicial.

■ The statute under which the defendant was prosecuted and read to the jury is as follows:

> "If any person administers to any woman pregnant with a child any medicine, drug or substance whatever, or uses or employs any instrument or other means, with intent thereby to destroy such child, unless the same is necessary to preserve the life of such mother, such person shall, in case the death of such child or mother is thereby produced, be deemed guilty of manslaughter."

From the statute it is clear that there is to be established for conviction a specific intent to destroy the unborn child, and no intent to preserve the life of the mother. The gist, or main thrust of the offense is, then, the acts done intentionally to cause the death of the unborn child. The acts done intentionally are excused by the law if they are done to preserve the life of the mother. The jury is therefore called upon to reach a conclusion as to two specific intents; first, the intent to kill the unborn child, and second, the intent of that act with respect to the life of the mother.

■ Intent is an operation of the mind, and this subjective fact is seldom susceptible of direct proof. This subjective fact is usually established by a consideration of objective facts, and from these objective facts an

ultimate conclusion is drawn. See Words and Phrases, Vol. 22, Perm. Ed., Intent.

In this case there is direct evidence of the act of the defendant in inserting instruments into the uterus of the girl and destroying the fetus. There could be no doubt but the use of instruments was a deliberate act to destroy the fetus. The objective facts relating to the defendant's intentions as they relate to the purpose insofar as the life of the girl is concerned are not so conclusive.

■ A doctor, as a witness for the state, examined the girl after she was pregnant for the purpose of caring for her injuries after she had jumped from a moving automobile. He testified that her physical condition was good, and while evidence of good health offered by the state is sufficient to raise the inference and will sustain the fact that the abortion was not necessary to save the life of the mother (1 Am Jur 150, Abortion, § 52), this does not overcome the presumption of innocence until the inference is acted upon by the jury.

It would be presumptuous on our part to assume that a jury of laymen would understand that the instruction as given had no application to the facts in this case. It seems more probable that jurors would believe that it was applicable or it would not have been given. And further, that having been given, it should be applied to the facts of the case as instructed by the court. Since the instruction relates to the state of mind or intent with which an act is done, and since the only overt act of the defendant was the insertion of the instruments into the body of the girl, the jury could well believe that this act was unlawful, and conclusively ended further inquiry into the motive or intent of the defendant in performing this wrongful act. We

cannot therefore say that the giving of this abstract statement of erroneous law was not prejudicial.

The defendant also contends there were errors committed by the trial court with reference to the argument of the Assistant District Attorney to the jury. We have examined these contentions and find no merit in them.

The judgment is reversed for a new trial.

O'CONNELL, J., dissenting.

The trial court instructed the jury that, "The law conclusively presumes a malicious and guilty intent from the deliberate commission of an unlawful act."[1] The majority opinion holds that the giving of this instruction was reversible error. I disagree.

I shall assume that after *State of Oregon v. Nodine,* 198 Or 679, 259 P2d 1056 (1953) an instruction in terms of ORS 41.350 (2) would not be proper in a case in which the defendant is charged with manslaughter.[2] But I do not believe that defendant in the present case was harmed by the instruction. The instruction, in effect, tells the jury that if one *deliber-*

[1] The instruction was a partial adoption of ORS 41.350 (2), which reads:

"The following presumptions, and no others, are conclusive:

"* * * * *

"(2) A malicious and guilty intent, from the deliberate commission of an unlawful act, for the purpose of injuring another."

[2] Although State of Oregon v. Nodine, supra, involved an instruction based upon ORS 41.350 (1), the reasoning would seem to render improper the giving of an instruction in terms of ORS 41.350 (2) where manslaughter is charged. The instruction in the present case would, of course, be objectionable upon the further ground that it failed to fully state the presumption called for in ORS 41.350 (2) since it omitted the language "for the purpose of injuring another."

*ately* commits an *unlawful act* he is conclusively presumed to have a malicious and guilty intent. Applied to the facts of the present case the instruction would be translated by the members of the jury to mean that if they found that defendant deliberately committed the act made unlawful under ORS 163.060, they would be required to assume that he had the requisite criminal intent. It must be conceded that malice is not an essential element of the crime defined in ORS 163.060 and to this extent the instruction is abstract. But that fact does not prejudice defendant under the circumstances of this case.

The trial court clearly stated the elements of the crime which were necessary to make defendant's conduct "unlawful."⑨ These instructions made it clear that the jury could not find defendant guilty unless he acted with the intent to destroy the child and unless the operation was not necessary to preserve the mother's life. Once the jury found these elements of the crime to exist defendant's guilt would be established. The necessary criminal intent would flow from the proof of the elements listed in the statute. It is

---

⑨ The instruction on this point was as follows:

"The material allegations and elements in this case are these:

"First, that the defendant, ROSS HILLS ELLIOTT, did unlawfully and feloniously use and employ certain instruments in and upon the body and womb of the said Sharon Lee Schaub.

"Second, that Sharon Lee Schaub was at that time pregnant with child.

"Third, that the defendant, ROSS HILLS ELLIOTT, did at that time intend to destroy the said child.

"Fourth, that such operation was not necessary to preserve the life of the said Sharon Lee Schaub.

"Fifth, that the defendant, ROSS HILLS ELLIOTT, did by such actions, cause and produce the death of the said child.

"Sixth, that the crime, if any, was committed on the 14th day of September, 1961, and occurred or was triable within Multnomah County, Oregon."

immaterial whether that intent is described to the jury as "malicious and guilty intent" or simply as a "guilty intent."

The other instructions informed the jury that "the law presumes the defendant is innocent" and that "it is necessary for the State to prove beyond a reasonable doubt each and every material allegation in the indictment, and the material elements constituting this crime" (setting them out as indicated in the margin at note 2).

The instruction which is the basis for reversal was a part of an extended explanation of presumptions and inferences.[4] The instruction, taken as a whole, was not unfavorable to defendant.

There was no reversible error. The judgment should be affirmed.

---

[4] This aspect of the instructions was as follows:

"In establishing the degree of proof required, the State may rely upon either direct evidence, or indirect or circumstantial evidence. Direct evidence is that which proves a fact in dispute directly, without any inferences or presumptions, and which in itself, if true, conclusively establishes the fact. Indirect or circumstantial evidence is that which tends to establish a fact in dispute by proving another, and which though true, does not of itself conclusively establish the fact, but which affords an inference or presumption of its existence. An inference is a deduction which you, as members of the jury, make from the facts proved, without an express direction of law to that effect. A presumption is a deduction which the law expressly directs to be made from the particular facts. You are instructed that if, from a consideration of all the evidence in this case, the same is susceptible of two conclusions or two constructions, the one consistent with the guilt of the defendant, and the other consistent with his innocence, then you are to adopt that construction or conclusion which is the most consistent with his innocence. Circumstantial evidence to be successful for a conviction, must be of a conclusive nature, that is to say, those tendencies must be not only to convince the minds of the jury of the defendant's guilt beyond a reasonable doubt, but to exclude the supposition of innocence. The law conclusively presumes a malicious and guilty intent from the deliberate commission of any unlawful act."