Argued February 4, reversed and remanded April 16, 1969

## STATE OF OREGON, *Respondent, v.* HORST GERHARD STEIMLE, *Appellant.*

453 P2d 171

*Kenneth C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on

the briefs was Gary D. Babcock, Public Defender, Salem.

*Gary D. Gortmaker,* District Attorney, Salem, argued the cause and filed a brief for respondent.

Before McAllister, Presiding Justice, and O'Connell, Denecke, Holman and Langtry, Justices.

DENECKE, J.

The defendant was convicted of first-degree murder.

There was evidence that the defendant drove up into the mountains with the decedent, an acquaintance. The defendant and perhaps the decedent did some drinking. The defendant shot the decedent, drove the decedent's car back to Portland and occupied the decedent's apartment.

■ The defendant contends that the trial court erred in giving the following instruction which was excepted to by the defendant:

"The law conclusively presumes an intent to murder from the deliberate use of a deadly weapon that causes death within one year. The law also conclusively presumes a malicious and guilty intent from the deliberate commission of an unlawful act for the purpose of injuring another, but it does not conclusively presume that the killing under such circumstances is murder in the first degree. To constitute murder in the first degree there must be some other evidence of malice than the mere proof of killing."

This was error. There was some confusion in our decisions prior to *State v. Nodine,* 198 Or 679, 690-696, 259 P2d 1056 (1953), about the correctness of such instruction. In that case, however, we were specific that the giving of such instruction is error. Subse-

quently, we stated: "* * * since the presumption of innocence is a species of evidence, instructions on conclusive presumptions as to intent should never be given in a criminal case." *State v. Elliott,* 234 Or 522, 527, 383 P2d 382 (1963); and *State v. Jones,* 235 Or 538, 385 P2d 759 (1963).

■■ The state contends the error is not prejudicial because there is clear evidence that the defendant acted deliberately and with premeditated malice. There is evidence of such intent, but the defendant introduced evidence which could create a contrary inference, and the question is clearly one for the jury. In such circumstances we cannot hold that the giving of the instruction was not prejudicial.

Reversed and remanded.