Argued June 25, affirmed August 12, petition for rehearing denied
September 17, petition for review denied November 16, 1971

ELMER DORSEY WILLIAMS, *Appellant, v.*
CUPP, *Respondent.*

487 P2d 1154

*J. Marvin Kuhn,* Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief
was Gary D. Babcock, Public Defender, Salem.

*G. Eric Lonnquist,* Special Assistant Attorney General, Salem, argued the cause for respondent. With him

on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

The petitioner in this post-conviction proceeding is under life sentence in the Oregon State Penitentiary for second degree murder. He asserts that his conviction on April 30, 1952, is invalid because the court instructed the jury erroneously on the conclusive presumption of ORS 41.350 (1), (2).[①] The court gave these instructions:

> "The law conclusively presumes a malicious and guilty intent from the deliberate commission of an unlawful act for the purpose of injury to another."

and

> "You are instructed that an intent to murder is conclusively presumed from the deliberate use of a deadly weapon causing death within one year."

No objection or exception was made or taken at the trial of conviction to the giving of these instructions.

The post-conviction trial court found that the giving of the conclusive presumption instructions was erroneous, citing *State v. Steimle,* 253 Or 54, 453 P2d 171 (1969), but concluded that the erroneous instructions "did not deprive petitioner of any constitutional

---

[①] ORS 41.350:

"The following presumptions, and no others, are conclusive:

"(1) An intent to murder, from the deliberate use of a deadly weapon, causing death within a year.

"(2) A malicious and guilty intent, from the deliberate commission of an unlawful act, for the purpose of injuring another."

rights guaranteed by the due process or equal protection clauses of the Fourteenth Amendment.", and

"Even if it be conceded that the giving of the conclusive presumption instruction raises a constitutional question, the Court finds that it was waived by the petitioner's failure to preserve the error at his trial by contemporaneous objection, as required by North v. Cupp," 254 Or 451, 461 P2d 271 (1969), *cert den,* 397 US 1054 (1970).

The petitioner urges on this appeal that he was denied due process because the conclusive presumption instructions given to the jury had the effect of denying him the right to have all relevant facts determined by a jury. In other words, as to issues of fact, the instructions invaded the province of the jury and denied the accused his constitutional right to a fair trial.

As noted above, defendant failed to preserve the alleged error by contemporaneous objection at the trial. *North v. Cupp,* supra, sets forth the situations where a contemporaneous objection would not be required:

"However, there are situations in which the law recognizes that it is inappropriate to require a contemporaneous objection at trial as a prerequisite to the subsequent raising of the constitutional issue. We believe that the provision in question was intended to prevent the assertion of the procedural rule in such situations. The most common illustration is where the objection could conceivably have been made but could not reasonably have been expected. Examples are where the right subsequently sought to be asserted was not generally recognized to be in existence at the time of trial; where counsel was excusably unaware of facts which would have disclosed a basis for the assertion of the right; and where duress or coercion prevented

assertion of the right. Also, the failure to assert the right would not be a bar where counsel was incompetent or was guilty of bad faith." 254 Or at 456, 457.

In the present case a contemporaneous objection could reasonably have been expected. Although there was some confusion[2] in the early decisions, *State v. Gibson*, 43 Or 184, 73 P 333 (1903), recognized such instructions as inappropriate and erroneous:

"* * * The jury, therefore, should not be instructed that an intent to murder is conclusively presumed from the act of killing by the deliberate use of a deadly weapon, unless nothing else appears in the case—no other testimony—to modify or excuse the act. But, when such other testimony does appear, they should be informed that the presumption of malice arising from the act, if it has any place in the case, may be rebutted as any other presumption deducible from the facts in evidence that the law does not make indisputable. So we conclude from these principles and deductions that the instructions complained of were inappropriate as given, and constitute error." 43 Or at 190.

Reference to *Gibson* also makes it clear that the right was in existence prior to the trial of conviction.

Since the instant case does not come within any of the exceptions noted in *North v. Cupp,* we adhere to ORS 17.510 which provides:

"No instruction given to a jury in the circuit court shall be subject to review upon appeal unless its error, if any, was pointed out to the judge who gave it and unless a notation of an exception was made in the circuit court * * *."

Affirmed.

---

[2] See State of Oregon v. Nodine, 198 Or 679, 694-696, 259 P2d 1056 (1953), for a review of the confusion.