Argued April 23, reversed and remanded April 23, 1973

STATE OF OREGON, *Appellant, v.* WILLIAM
ERNEST TAYLOR (No. 41824), *Respondent.*

509 P2d 50

*John W. Osburn,* Solicitor General, Salem, argued
the cause for appellant. With him on the brief was
Lee Johnson, Attorney General, Salem.

*Frederick L. Decker,* Albany, argued the cause and
filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and
FORT, Judges.

SCHWAB, C. J.

Defendant was charged with murder, ORS 163.115 (1)(a), by the following indictment:

"* * * [William Ernest Taylor] is accused by the Grand Jury of the County of Linn by this indictment of the crime of Murder committed as follows:

"The said WILLIAM ERNEST TAYLOR on the 18th day of November A.D. 1972, in the County of Linn, State of Oregon, then and there being, did unlawfully and intentionally cause the death of another human being, to wit: Delores M. Gilbert, by stabbing the said Delores M. Gilbert with a knife, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

Defendant demurred to the indictment. The trial court sustained the demurrer. The state appeals.

The relevant criminal statutes provide:

"(1) A person commits criminal homicide if, *without justification or excuse,* he intentionally, knowingly, recklessly or with criminal negligence causes the death of another human being.

"(2) 'Criminal homicide' is murder, manslaughter or criminally negligent homicide.

"* * * * *." ORS 163.005. (Emphasis supplied.)

"(1) Except as provided in ORS 163.125, criminal homicide constitutes murder when:

"(a) It is committed intentionally * * *

"* * * * *." ORS 163.115.

■ The question presented is whether the indictment is insufficient because it fails to allege the murder was committed "without justification or excuse." We hold that it is not.

■■ The "without justification or excuse" language of ORS 163.005 (1) was intended to be a cross-reference to the various defenses provided for in ORS ch 161, specifically ORS 161.085 through ORS 161.380. Commentary, Proposed Oregon Criminal Code § 87, p 84.[1]

ORS 161.055 states:

"(1) When a 'defense,' other than an 'affirmative defense' as defined in subsection (2) of this section, is raised at a trial, the state has the burden of disproving the defense beyond a reasonable doubt.

"(2) When a defense, declared to be an 'affirmative defense' by chapter 743, Oregon Laws 1971, is raised at a trial, the defendant has the burden of proving the defense by a preponderance of the evidence.

"(3) The state is not required to negate a defense as defined in subsection (1) of this section unless it is raised by the defendant. 'Raised by the defendant' means either notice in writing to the state before commencement of trial or affirmative evidence by a defense witness in the defendant's case in chief."

If the state is not required to negate a defense at trial unless and until it is "raised by the defendant," ORS 161.055 (3), *a fortiori* the state is not required to negate any or all defenses in the indictment.

---

[1] "Homicides are sometimes committed intentionally or knowingly where no criminal liability attaches (*e.g.,* in a case of self-defense). Subsection (1) recognizes situations of this kind by requiring that to be criminal the homicide must be committed without justification or excuse (as provided in Articles 2 to 5 of the Code dealing with culpability, complicity, justification and responsibility) [i.e., what has been codified as ORS 161.085 through ORS 161.380]." Commentary, Proposed Oregon Criminal Code § 87, p 84.

Our holding here is consistent with cases decided before adoption of the new criminal code. *See, State v. Alexander,* 6 Or App 526, 487 P2d 1151, Sup Ct *review denied* (1971).

Reversed and remanded.