Argued January 17, affirmed February 10, 1975

STATE OF OREGON (No. 74-0611), *Respondent, v.*
DONALD LEROY DEVEREAUX, *Appellant.*

531 P2d 749

*John M. Biggs,* Eugene, argued the cause for appellant. With him on the brief were Allen & Biggs, Eugene.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

Defendant was charged with criminally negligent homicide, ORS 163.145, by the following indictment:

"* * * * *

"The said DONALD LEROY DEVEREAUX on or about the 21st day of July, 1973, in the county aforesaid, being the driver of a motor vehicle traveling southbound on Marcola Road, a public highway in Lane County, while being under the influence of intoxicating liquor, did then and there drive said motor vehicle in a criminally negligent manner as follows:

"(1) by driving his motor vehicle at a speed greater than reasonable and prudent under the conditions then and there existing

"(2) by driving his motor vehicle without maintaining proper control thereof

"(3) by failing to drive to the right half of said highway

and the said defendant while driving in the manner aforesaid, did thereby leave the travelled portion of Marcolla Road, at or near Milepost 8, a public highway in Lane County, causing the death of Mary Jane Devereaux, a passenger in said motor vehicle; contrary to statute and against the peace and dignity of the State of Oregon.

"* * * * * *"

At the conclusion of defendant's trial the court also instructed the jury on the elements of driving under

the influence of intoxicating liquor (DUIL), ORS 483.-999. Defendant was found guilty of DUIL, and appeals contending the trial court erred in instructing the jury on the elements of DUIL.

■ In *State v. Washington,* 20 Or App 350, 531 P2d 743 (1975), we considered the question of when lesser-included and necessarily-included-offense instructions could be given by a trial court. We held that such instructions could be based either on the relationship between the statutory definitions of the offenses in question, or on the allegations of an indictment in a particular case. The ultimate standard is whether the statutes or indictment put the defendant on adequate notice of what he must be prepared to meet.

■ In this case the indictment alleged that one element of the negligent homicide charge was DUIL. It was thus appropriate, if supported by the evidence, to give the separate DUIL instruction. Defendant does not claim this instruction was not supported by the evidence.

Affirmed.