Argued January 21, reversed March 3, reconsideration
denied April 16, petition for review denied July 15, 1975

# STATE OF OREGON, *Respondent, v.* BETTY LOU BOBKIEWICZ (No. 74-04-0998 Cr), *Appellant.*

532 P2d 256

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FORT and THORNTON, Judges.

FORT, J.

Defendant was indicted for murder (ORS 163.115). She waived a jury and was convicted by the court of abandonment of a child (ORS 163.535) and also of criminal nonsupport (ORS 163.555). The court sentenced her to five years' imprisonment for each offense and provided that the sentences be served consecutively. She appeals, challenging the convictions and the imposition of separate and consecutive sentences.

The indictment here alleges:

"* * * * *

"The above-named defendant is accused by the Grand Jury of Multnomah County, State of Oregon, by this indictment of the crime of

"MURDER

committed as follows:

"The said defendant, on or about March 31, 1974, in the County of Multnomah, State of Oregon, having given birth to Jane Doe, a female infant, on the above date, the said defendant did unlawfully and

recklessly cause the death of another human being, to-wit: Jane Doe, by:

"1. Failing to obtain necessary professional assistance during the birth of Jane Doe;

"2. Failing to provide necessary physical care and medical attention for Jane Doe after the birth;

"3. Abandoning Jane Doe, in a place where medical care was not available and in such condition that medical care was necessary,

which conduct of the said defendant manifested extreme indifference to the value of human life, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

"* * * * *."

ORS 163.115, so far as relevant to this case, provides:

"* * * [C]riminal homicide constitutes murder when:

"* * * * *

"(b) It is committed recklessly under circumstances manifesting extreme indifference to the value of human life * * *."

The court in its judgment referred to "Count I" of the indictment as Criminal Nonsupport and "Count II" as Abandonment, on the theory, apparently, that each was a lesser included offense to the crime charged.

ORS 163.535(1) provides:

"A person commits the crime of abandonment of a child if, being a parent, lawful guardian or other person lawfully charged with the care or custody of a child under 15 years of age, he deserts the child in any place with intent to abandon it."

ORS 163.555(1) provides:

"A person commits the crime of criminal non-support if, being the parent, lawful guardian or other person lawfully charged with the support of a child under 18 years of age, born in or out of wedlock, he refuses or neglects without lawful excuse to provide support for such child."

The defendant's first contention challenges the court's conclusion that criminal nonsupport and abandonment are necessarily included offenses (ORS 136.465)[1] within the crime of murder as charged in the indictment.

Both this court and our Supreme Court have on a number of recent occasions discussed at length the rules relating to when an offense is or is not an included offense both under a particular statute and within the charging instrument. *State v. Williams,* 270 Or 152, 526 P2d 1384 (1974), and Oregon cases cited therein (*affirming State v. Williams,* 16 Or App 48, 517 P2d 311 (1973)); *State v. Stoneberg,* 15 Or App 601, 517 P2d 333 (1973); *State v. Atkins,* 269 Or 481, 525 P2d 1018 (1974); *State v. Taylor,* 17 Or App 499, 522 P2d 499 (1974).[2]

Most recently, in *State v. Washington,* 20 Or App 350, 531 P2d 743 (1975), and in *State v. Devereaux,* 20 Or App 358, 531 P2d 749 (1975), this court again at length addressed the problem.

---

[1] "In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the accusatory instrument or of an attempt to commit such crime." ORS 136.465.

[2] In our opinion in that case the indictment was not set forth. To the extent that language in that opinion appears inconsistent with the opinion and holding in State v. Washington, 20 Or App 350, 531 P2d 743 (1975), it should be disregarded.

In *Washington,* after pointing to the distinction between a "necessarily included" offense and a "lesser included" offense, we said:

> "Under the above analysis, in order to determine if an offense is 'necessarily included,' a court should limit itself to an analysis of the relationship between the two offense categories, i.e., the statutory definitions of the offenses. * * *" 20 Or App at 354.

■ Applying that test first here, it is clear from a simple examination of the three statutes that neither abandonment (ORS 163.535(1)) nor criminal nonsupport (ORS 163.555(1)) is under that test standing alone a "necessarily included" offense within the crime of murder. ORS 163.115(1)(b). There is no necessary " 'relationship which always exists' " (*State v. Washington,* supra, 20 Or App at 354) between the respective offense categories of abandonment or nonsupport on the one hand and murder on the other. *See, State v. Washington,* supra, for some examples of statutes where such a necessary relationship exists.

However, in *Washington* we then said:

> "* * * [D]etermining whether an offense is 'lesser included' presents alternative possible approaches. It has been broadly stated that this can depend on 'particular facts,' 8 Moore's Federal Practice, supra [§ 31.03 (2d ed 1969)], but does this mean that the indictment sets the parameters of those offenses which are lesser included, as argued by the state, or that just the evidence can make an offense lesser included, as implicitly argued by defendant? We believe the better rule is, and hold, that when determining whether an offense is lesser included the court's consideration should be limited to the statutory definition of the offenses and the indictment in the particular case. Our conclusion rests primarily on the problem of notice to a crim-

inal defendant of the charges he must be prepared to meet. Reading the relevant statutes furnishes notice of charges that are included. Reading the relevant statutes together with the indictment furnishes notice of the charges that are included in the particular case. Permitting instructions on other offenses, even if there is evidence at trial that they were committed, runs the risk that a criminal defendant could rightfully complain that he stands convicted of an offense he was never notified he might have to defend against. * * *" 20 Or App at 355-56.

The trial court, despite its finding that the state failed to prove that this child's death was the result of any act of the defendant mother's and thus that she was not guilty of either reckless murder or manslaughter, concluded that the evidence produced at the trial established a violation of the statutory definitions of both abandonment and nonsupport.

■ Concerning abandonment, all that this indictment charges is that she was abandoned "in a place where medical care was not available" at a time when it was necessary. The child here was left in a valise in a church during daylight hours at a time when and in a place where it was likely that the child would be, and in fact she was, promptly discovered.

ORS 163.535(1) requires that the child be deserted "in any place with intent to abandon it." With respect to the first charge enumerated in the indictment—failure "to obtain necessary professional assistance during the birth"—the court determined not only on the facts here—the birth occurred at home and was of an "explosive" variety—but that under the law a mother is not compelled to seek professional assistance during birth. Thus it concluded that that charge was

not established. *State of Wyo. v. D. Osmus,* 73 Wyo 183, 276 P2d 469, 475-76 (1954).

The "intent to abandon" the child is an essential element of the crime of abandonment by its very terms, as is desertion of it. Thus the indictment does not charge that the defendant either deserted her child or did so with the intention to abandon it.

■ Putting aside the question whether a defendant can be convicted in a single count indictment of more than one included offense, we turn to the conviction here of criminal nonsupport, ORS 163.555(1). That statute specifically makes an element of the offense that it be done "without lawful excuse." The indictment nowhere charges that element. It simply states: "2. Failing to provide necessary physical care and medical attention for Jane Doe after the birth."

■ As we said in *Washington,* we conclude and hold that the indictment charging the principal offense must include allegations sufficient to charge a violation of the offense claimed to be an included offense. Since the indictment here fails to meet this test as to either abandonment or criminal nonsupport, it follows that the judgment must be reversed.

Reversed.