Submitted on record and appellant's brief June 18, reversed
July 21, former opinion adhéred to September 22,
petition for review denied November 4, 1975

## STATE OF OREGON, *Appellant, v.* NOE CECIL McINTIRE (No. 74-1799), *Respondent.*

537 P2d 1151

162

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, Salem, for appellant.

No appearance by respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

Defendant was convicted in district court under a complaint alleging that he carried "concealed about his person a * * * revolver." He appealed to circuit court and there demurred to the complaint, alleging that it did not state a crime. Several memorandums of authority were submitted and the matter was twice argued. The court sustained the demurrer and dismissed the complaint. The state has appealed pursuant to ORS 138.060.

The record does not clearly show what the ground was for the circuit court's ruling. At the first argument, remarks of the trial judge indicate he was persuaded that ORS 166.240 and 166.250,[1] both of which

[1] ORS 166.240 provides:

"(1) Any person who carries concealed about his person in any manner, any revolver, pistol, or other firearm, any knife, other than an ordinary pocketknife, or any dirk, dagger, slung shot, metal knuckles, or any instrument by the use of which injury could be inflicted upon the person or property of any other person, shall be punished upon conviction by a fine of not less than $10 nor more than $200, or by imprisonment in the county jail not less than five days nor more than 100 days, or both.

"(2) Nothing in subsection (1) of this section applies to any sheriff [etc.] * * *"

ORS 166.250(1) provides:

"Except as otherwise provided in this section, ORS 166.230, 166.260, 166.270, 166.280, 166.290 or 166.410 to 166.470, any person who possesses or has in his possession any machine

make it, inter alia, illegal to carry a concealed revolver, are repugnant because the first provides that the penalty is a fine from $10 to $200 or imprisonment from five to 100 days or both, and the penalty under the second is a maximum fine of $1,000 or a maximum jail term of one year or both. Under the rule of *State v. Pirkey*, 203 Or 697, 281 P2d 698 (1955), if such a repugnancy exists, the statutory scheme is invalid.

Remarks of the trial judge at the second argument imply that he felt, even if there was not a repugnancy, that nevertheless the complaint at bar did not state a crime because an exception in ORS 166.250 was not negatived. This statute adds the negative exception "without having a license to carry such firearm * * *." We assume that the ruling was based upon both grounds we have described.

■ (1) As indicated, under the facts of this case, the acts which could bring the defendant within the terms of both ORS 166.240 and 166.250 are the same. Thus, if there is no way to reconcile the differences in the respective penalties for the same acts, under *State v. Pirkey*, supra, the statutes must be held invalid to such extent only. In this respect our opinion in *Oregon Game Fowl Breeders v. Smith*, 15 Or App 487, 516 P2d 499 (1973), Sup Ct *review denied* (1974), is not in point, although that opinion was prominently mentioned in arguments below. In *Fowl Breeders* we em-

----

gun, or carries concealed upon his person or within any vehicle which is under his control or direction any pistol, revolver or other firearm capable of being concealed upon the person, without having a license to carry such firearm as provided in ORS 166.290, is guilty of a misdemeanor * * *."

The offense under ORS 166.250 being a "misdemeanor," the penalty is that prescribed by general penalty statutes. In this case the applicable provisions are ORS 161.555 and 161.635 (1)(a), which combine to set the maximum penalty at $1,000 fine or one-year imprisonment, or both.

phasized that the two statutes under consideration were intended to cover different acts—not the same acts, as here.

ORS 166.240 was originally enacted in 1885 (General Laws 1885, p 33) and the punishment for violation remains identical with the original enactment. ORS 166.250 was enacted in 1925 (General Laws of Oregon 1925, ch 260, § 5). Subsequent amendments up to 1941 (Oregon Laws 1941, ch 37, § 1; Oregon Laws 1941, ch 330, § 1) provided the present penalty under the Act. Both statutes, without any changes, were included in the revision presently denominated Oregon Revised Statutes in 1953 (Oregon Laws 1953, ch 3). They were not made a part of the new criminal code in 1971, as no statutes on the subject of gun control were included therein.

Section 3 of Oregon Laws 1953, ch 3, specifically provides that if statutes included in the revision are repugnant to each other "the rules of construction relating to repeal or amendment by implication * * *" remain available for the purpose of resolving ambiguity.

■■ Repeal by implication is not favored in the law but nevertheless if statutes are in direct conflict the latter act will operate to the extent of the repugnancy as a repeal of the first. *State v. Buck,* 200 Or 87, 262 P2d 495 (1953). This rule was applied in *State v. Davis,* 207 Or 525, 538-39, 296 P2d 240 (1956). However, the legislature in the 1953 revision had omitted vital words of the preexisting law, and in *Davis* the court refused to insert what had been omitted. No such omission or any change in the statutes occurred with the revision here in question. Consequently, the penalty of ORS 166.250 being repugnant to the penalty of ORS 166.240, the penalty in ORS 166.250, in a fact situation like that at bar, necessarily supersedes that in ORS 166.240.

■ (2) The trial judge's remarks in the record indicate that he may have concluded that *State v. Buck,* supra, with reference to negativing exceptions in the statutes is controlling at bar. In *Buck* the statutes defining criminal abortion and regulating medical practice were read together. An exception to the statute making abortions illegal was found to exist with reference to a medical doctor performing an abortion in order to protect the health of the mother. The court held the exception should have been negatived in the indictment charging Dr. Buck with the crime. Thus, the statutory construction upon which the court's opinion was founded was exceptional.

We do not view *Buck* as obviating the general rules with reference to negativing statutory exceptions in instruments charging crimes. Neither, apparently, has the Oregon Supreme Court. In *State v. Elliott,* 234 Or 522, 525, 383 P2d 382 (1963), the court stated:

"The rule in this state as to the necessity of negativing exceptions or provisos in criminal indictments was early set out by Mr. Justice Robert S. Bean in the case of *State v. Tamler & Polly,* 19 Or 528, 530, 25 P 71, 9 LRA, as follows:

" '* * * The exceptions should be negatived only when they are descriptive of the offense, or a necessary ingredient of its definition; but when they afford matter of excuse merely, they are matters of defense and therefore need not be negatived in the indictment. * * *'

And Mr. Justice Lusk, after setting forth the above rule in *State v. Schriber,* 185 Or 615, 205 P2d 149, noted (185 Or 630), 'There has been no departure in the decisions of this court from the principles thus enunciated.' "

Inasmuch as *Elliott* came after *Buck,* it is thus made apparent that *Buck* (in which there were three specially concurring opinions besides the court's opinion, and three justices joining in a dissent) did not change

the Oregon rule. *See also State v. Taylor,* 13 Or App 192, 509 P2d 50 (1973); and *State v. Alexander,* 6 Or App 526, 487 P2d 1151 (1971). We view the words in ORS 166.250 making the negative exception "without having a license to carry such firearm * * *" as being in the nature of excuse for the act rather than defining "a necessary ingredient" of the offense. Therefore, the rule from *Elliott* is applicable and it was unnecessary at bar for the complaint to negative the exception.

Reversed.