## STATE OF OREGON, *Appellant,*
### *v.*
## GERALDINE MAXINE HOUSE, *Respondent.*
## (No. DA 135942, CA 11042)

586 P2d 388

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Steven Jacobson, Metropolitan Public Defender, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

The court sustained defendant's demurrer to a criminal complaint. The state appeals pursuant to ORS 138.060(1). *See State v. Thomas,* 34 Or App 187, 578 P2d 452, *rev den* (1978).

Defendant was charged with violating ORS 164.045, by complaint, as follows:

"The said defendant, on or about June 12, 1977, in Multnomah County, State of Oregon, did unlawfully and knowingly attempt to commit theft of Two (2) pharmaceutical items, Two (2) containers of soap, One (1) container of wax and Five (5) foodstuff items, of the total value of less than Two Hundred Dollars, the property of Fred Meyer, Inc."

Defendant's demurrer stated:

"* * * that [the complaint] fails to state a crime of Attempt. Specifically, the complaint alleges that the defendant knowingly attempted to commit theft where the statute requires the defendant to intentionally engage in conduct. * * *"

■ The state contends that the use of the word "attempt" charges defendant with the necessary mental state. We agree.

■■ In light of the present criminal procedure code the accusatory instrument has lost much of its historical significance as a means of notifying defendant of the crime charged. The liberal discovery provisions of ORS 135.805 to 135.873 augment the defendant's ability to prepare a defense. As a result, the trend in Oregon has been to require less specificity in the accusatory instrument. *See State v. Keys,* 25 Or App 15, 548 P2d 205, *rev den* (1976). The complaint is merely a formal method of initiating the criminal process and of identifying the crime charged. *State v. Shadley/ Spencer/Rowe,* 16 Or App 113, 517 P2d 324 (1973). If the complaint, read in conjunction with the statutory definition of the terms used, informs the defendant of the elements of the offense with which he is charged it is sufficient.

[ 133 ]

In *State v. Jim/White,* 13 Or App 201, 508 P2d 462, *rev den* (1973), we reviewed a challenge to an accusatory instrument which alleged "theft" without a separate allegation of criminal intent. We stated:

> "* * * [T]hat the word 'theft' when used in an indictment is a term of art. (Citation omitted.) By the use of the word 'theft' the indictment is alleging that a certain act (the appropriation of property) was done with a certain intent (the intent to substantially interfere with the property rights of the owner). * * * [T]he statute in question here fully defines the meaning of the word 'theft' and the defendants need look no further to discover what act and crime is being charged. Where the words used in the indictment necessarily imply other words those words need not be used in the indictment. (Citation omitted.) Where the words used in the indictment are sufficiently defined in the statute the definitions need not be included in the indictment. (Citation omitted.)" 13 Or App at 220-21.

The rationale of *Jim/White* is applicable to this case. "Attempt" is a statutory word of art. ORS 161.405(1) provides a person is guilty of an attempt to commit a crime "* * * when he intentionally engages in conduct which constitutes a substantial step toward commission of the crime." By the allegation, "attempt to commit theft," the complaint, under the *Jim/White* analysis, is read to state "defendant intentionally engaged in conduct which constituted a substantial step toward commission [attempt] of the crime of *intentionally depriving another of the specified property* [theft]." The state is not required to repeat statutory definitions of the terms used in the accusatory instrument. Those definitions are incorporated by the use of the terms. *State v. Cannon/Clark/Green/ Donnelly,* 17 Or App 379, 521 P2d 1326, *rev den* (1974). Inclusion of the word "knowingly" in the complaint is surplusage and does not affect the sufficiency of the complaint. The demurrer should have been overruled.

Reversed and remanded for trial.