Argued and submitted August 30, affirmed December 22, 1982, reconsideration denied April 1, petition for review denied May 10, 1983 (295 Or 31)

# STATE OF OREGON,
*Respondent,*

*v.*

# GLENN LEO MITCHELL,
*Appellant.*

## (No. 80-1506, CA A23468)

655 P2d 632

Ronald K. Cox, Assistant Public Defender, Coquille, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

■      Defendant appeals his conviction for criminal non-support. ORS 163.555. He contends that the trial court erred in denying his demurrer challenging the sufficiency of the indictment on the grounds that, because the indictment did not allege that the failure to provide support was "without lawful excuse," an element of the crime, the indictment did not state facts constituting an offense.[1] We affirm.

ORS 163.555(1) provides:

"(1) A person commits the crime of criminal nonsupport if, being the parent, lawful guardian or other person lawfully charged with the support of a child under 18 years of age, born in or out of wedlock, he refuses or neglects without lawful excuse to provide support for such child."

The indictment reads as follows:

"Glenn Leo Mitchell is accused by the Grand Jury of the County of Coos, State of Oregon, by this Indictment of the crime of CRIMINAL NONSUPPORT committed as follows:

"That said Glenn Leo Mitchell between the period of July 26, 1977 and the 25th day of July, 1980, in the County of Coos and State of Oregon, then and there being, did unlawfully and knowingly refuse and neglect to provide support for Catrina Marie Mitchell and Lance Edward Mitchell, children under the age of eighteen years, said defendant being the father of said children, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

"Dated this 25th day of July, A.D., 1980, at Coquille, Coos County, Oregon.

"* * * * *

"ORS 163.555"

A father's failure to provide support for his minor children standing alone does not constitute an offense under ORS 163.555(1). The statute makes an element of the offense that the failure to support be "without lawful excuse." *State*

---

[1] In a second assignment of error, defendant argues that the trial court erred in denying his motion to quash for lack of personal jurisdiction. We affirm the trial court's ruling.

*v. Bobkiewicz,* 20 Or App 479, 485, 532 P2d 256, *rev den* (1975); *see also,* Proposed Oregon Criminal Code, 176-77, § 175, Commentary (1970).[2] However, the determination that "without lawful excuse" is an element of the offense does not dispose of the issue presented.

■     The rules for determining the sufficiency of an indictment are statutory. ORS 132.510. ORS 132.550 provides, in pertinent part:

"The indictment shall contain substantially the following:

"* * * * *

"(7) A statement of the acts constituting the offense in ordinary and concise language, without repetition, and *in such manner as to enable a person of common understanding to know what is intended * * *.*" (Emphasis supplied.)

In *State v. Keys,* 25 Or App 15, 22, 548 P2d 205, *rev den* (1976), we concluded that ORS 132.550(7) did not require that extreme emotional disturbance be negated in a murder indictment,[3] regardless of the "label" (*i.e.,* "element,"

---

[2] Albeit indirectly, the Commentary indicates that the offense consists of these two elements:

"Section 175 [*i.e.,* ORS 163.555] makes it a crime for a parent or a person in loco parentis of a child less than 18 years old to intentionally fail or refuse to provide support for such child. *The failure to provide support must be 'without lawful excuse.'*

"* * * * *

"*Section 175 departs from the present nonsupport statute, ORS 167.605, in two particulars.* It broadens the definition of support by specifically including medical attention and education. It narrows the scope of the existing statute by limiting coverage to children less than 18 years old, thereby excluding nonsupport of a wife. * * *

"* * * * *

"The [present] statute covers two distinct areas: (1) abandonment of a wife or minor children without providing necessary support, or (2) failure to provide support for a wife or minor children. The essential factor is the failure to provide support. *However, failure to support alone is not sufficient to constitute the crime; the failure must be accompanied with circumstances that indicate it was without just or sufficient cause. Thus there are two essential elements of the crime: (1) failure to provide support, and (2) lack of a just or sufficient cause. State v. Francis,* 126 Or 253, 269 P 878 (1928); *State v. Langford,* 90 Or 251, 176 P 197 (1918)." (Emphasis supplied.)

[3] The indictment alleged murder in violation of ORS 163.115(1)(a), which, as amended by Or Laws 1981, ch 873, § 5, now provides:

"exception," "justification," "excuse," "exemption," "defense," "affirmative defense") applied to that concept.[4] In reaching that conclusion, we stated:

> "* * * In recent years, the trend in Oregon courts has been to require substantially less specificity in indictments. The rationale in the cases has been that, although the defendant has a constitutional right to notice, this need not be accomplished solely by the indictment. *Notice can be based on the indictment plus the language of the relevant statute.* Notice can be based on the indictment plus the relatively new criminal discovery statutes. And the ultimate form of notice is the prosecution's evidence; we have held that if the defendant is genuinely surprised thereby, he is entitled to a continuance.

> "An exception to this trend is cases holding that facts that distinguish a felony from a misdemeanor must be specifically plead, perhaps explainable on the grounds that *if notice is to be accomplished by the indictment and the relevant statute, the indictment must allege enough to direct the defendant to the correct statute."* 25 Or App at 21-2. (Footnotes omitted; emphasis supplied.)

In *State v. House,* 37 Or App 131, 586 P2d 388 (1978), the complaint alleged that the defendant "did unlawfully and knowingly attempt to commit theft." He demurred on the grounds that the applicable statute required that "the defendant * * * intentionally engage in conduct" and that there was no allegation to that effect. Referring to the "trend" noted in *State v. Keys, supra,* we explained that:

---

"Except as provided in ORS 163.118 and 163.125, criminal homicide constitutes murder when:

"(a) It is committed intentionally, except that it is an *affirmative defense* that, at the time of the homicide, the defendant was under the influence of an extreme emotional disturbance; * * *" (Emphasis supplied.)

[4] *State v. Bobkiewicz,* 20 Or App 479, 532 P2d 256 (1975), involved, *inter alia,* whether criminal nonsupport was an included offense within the crime of murder. The indictment charged failure to provide care and medical attention but did not allege the additional element that such failure be "without lawful excuse." We held:

"* * * We conclude and hold that the indictment charging the principal offense must include allegations sufficient to charge a violation of the offense claimed to be an included offense. * * *" 20 Or App at 485.

In *State v. Keys,* 25 Or App 15, 22 n 7, 548 P2d 205, *rev den* (1976), we rejected the decision in *Bobkiewicz* to the extent that it was inconsistent with the views expressed there.

> "* * * The complaint is merely a formal method of initiating the criminal process and of identifying the crime charged. *State v. Shadley/Spencer/Rowe,* 16 Or App 113, 517 P2d 324 (1973). If the complaint, read in conjunction with the statutory definition of the terms used, informs the defendant of the elements of the offense with which he is charged it is sufficient." 37 Or App at 133.

Relying on *State v. Jim/White,* 13 Or App 201, 508 P2d 462, *rev den* (1973) (indictment alleging "theft" without a separate allegation of criminal intent), we held that the word "attempt" was sufficient to charge defendant with the necessary mental state, reasoning:

> "* * * 'Attempt' is a statutory word of art. ORS 161.405(1) provides a person is guilty of an attempt to commit a crime '* * * when he intentionally engages in conduct which constitutes a substantial step toward commission of the crime.' By the allegation, 'attempt to commit theft,' the complaint, under the *Jim/White* analysis, is read to state 'defendant intentionally engaged in conduct which constituted a substantial step toward commission [attempt] of the crime of intentionally depriving another of the specified property [theft].' The state is not required to repeat statutory definitions of the terms used in the accusatory instrument. Those definitions are incorporated by the use of the terms. *State v. Cannon/Clark/Green/ Donnelly,* 17 Or App 379, 521 P2d 1326, *rev den* (1974)." 37 Or App at 134.

On the basis of the reasoning and principles expressed in *State v. House, supra,* and *State v. Keys, supra,* we hold that the indictment in this case was sufficient to meet the requirements of ORS 132.550(7). There are two essential elements of the offense charged: (1) failure to provide support and (2) that such failure is "without lawful excuse." The indictment alleges not only that defendant father failed to support his minor children for three years but that he "unlawfully and knowingly" did so. It identifies the crime charged as "CRIMINAL NONSUPPORT" and identifies the applicable statute, ORS 163.555. Although "unlawfully" is not expressly defined by ORS 163.555, and "attempt" *was* defined by statute in *State v. House, supra,* defendant need look only to the statute to which he is directed by the indictment to determine that, under the

circumstances, "unlawfully" failing to provide support for his children means doing so "without lawful excuse."

Affirmed.