Argued and submitted November 26, 1984, affirmed February 6, 1985

# STATE OF OREGON,
*Respondent,*

*v.*

# NICK A. GEORGE,
*Appellant.*

## (DA 263258-8309; CA A32611)

694 P2d 1011

Craig A. Lytle, Lake Oswego, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his conviction for the misdemeanor crime of pointing a firearm at another, ORS 166.190,[1] contending—for the first time[2]—that the complaint did not allege one of the elements of the charge, *i.e.,* that the pointing was not done in self-defense. We affirm.

The statute under which defendant was convicted, ORS 166.190, punishes

> "Any person over the age of 12 years who, with or without malice, purposely points or aims any loaded or empty pistol, gun, revolver or other firearm at or toward any other person within range of the firearm, except in self defense * * *."

The complaint alleges:

> "As part of the same acts and transactions alleged in Counts I and II herein, the defendant is accused by this complaint of the offense of POINTING FIREARM AT ANOTHER committed as follows: The said defendant, on or about September 3, 1983, in the County of Multnomah, State of Oregon, being a person over the age of 12 years, did unlawfully and purposely point a pistol at and toward John A. Nichols, who was within range of said firearm contrary to the statutes in such cases made and provided, and against the peace and dignity of the STATE OF OREGON."

Defendant argues that the complaint is insufficient, because it fails to allege affirmatively that his act of pointing the pistol at the named victim, Nichols, was not done in self-defense. He largely relies on some early case law—before the adoption of the 1971 Criminal Code—in which a distinction was made between negating an exception to a crime when the exception was included within the statutory language proscribing the activity charged (in which case the burden to negate the exception by pleading and proof was on the state) and negating exceptions enumerated elsewhere within the code (in which case the exceptions are on the defendant to plead and prove). *See, e.g., State v. He Quan Chan,* 113 Or 168,

---

[1] Defendant also was charged with menacing and unlawful possession of a weapon but those offenses are not relevant to this appeal.

[2] A defendant may challenge the sufficiency of the accusatory instrument to state a crime for the first time on appeal. *See, e.g., State v. Hunt,* 3 Or App 634, 637, 475 P2d 596, *rev den* (1970).

232 P 619 (1925). The recent trend in Oregon case law clearly establishes that such a distinction is no longer viable. *See State v. Mitchell,* 61 Or App 127, 655 P2d 632 (1982), *rev den* 295 Or 31 (1983) (unnecessary to allege that criminal nonsupport was "without lawful excuse"); *State v. Keys,* 25 Or App 15, 22, 548 P2d 205, *rev den* (1976) (unnecessary to negate extreme emotional disturbance in murder indictment); *see also* ORS 161.055; *State v. Elliott,* 234 Or 522, 383 P2d 382 (1963); *State v. McIntire,* 22 Or App 161, 537 P2d 1151, *former opinion adhered to,* 22 Or App 611, 540 P2d 399, *rev den* (1975); *State v. Taylor,* 13 Or App 192, 509 P2d 50 (1973).

■■ The use of such labels as "except" in the charging statute, standing alone, does not require the state to plead a negation of the exception. In evaluating the sufficiency of an accusatory instrument, the courts of today look to whether the document clearly and concisely states the acts constituting the charge so that an ordinary person would know what is being charged. The notice to which a defendant is constitutionally entitled need not be accomplished solely by the accusatory instrument. As we explained in *Keys* and *Mitchell,* notice can be derived from and buttressed by the charging statute, discovery or, ultimately, the prosecution's evidence.

■ At oral argument in this court, counsel for defendant seemed to concede that our holding in *Mitchell* probably defeats his argument but contended that he should prevail on this appeal, because his client had been "prejudiced" by the trial court's actions.[3] He argues that, as a result of the state's failure to plead and prove the absence of self-defense, the trial judge erroneously placed the burden of proving self-defense on defendant. The trial court did conclude that the evidence did not support a claim of self-defense, even if defendant's testimony was taken as true. However, none of the trial judge's statements suggest that the court misunderstood where the burden of proof lay in this case. *See State v. Jarvi,* 3 Or App 391, 396-97, 474 P2d 363 (1970).

---

[3] The primary thrust of defendant's assignment of error is directed at the sufficiency of the complaint. We are not presented with an issue of proof. Clearly, when a "defense" (as opposed to an affirmative defense) is raised at trial, the burden is placed on the state to disprove the defense beyond a reasonable doubt. *See* ORS 161.055. However, defendant's assignment is worded broadly enough to warrant our consideration of defendant's prejudice argument.

Affirmed.