Argued July 27, affirmed September 12, reconsideration denied October 14, 1977, petition for review pending

STATE OF OREGON, *Respondent,*
*v.*
THOMAS D. ROUTH, *Appellant.*
(No. Cr 76-110, CA 7641)

STATE OF OREGON, *Respondent,*
*v.*
ROY ELDRIDGE HAWKINS, *Appellant.*
(No. Cr 76-111, CA 7642)
(Consolidated cases)
568 P2d 704

Howard R. Lonergan, Portland, argued the cause and filed the brief for appellant.

Carol J. Molchior, Certified Law Clerk, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendants' joint jury trial resulted in convictions for first-degree rape.

The indictments alleged defendants "* * * did unlawfully and knowingly, by forcible compulsion, engage in sexual intercourse with [the victim], a female * * *." Defendants demurred on the ground that the indictments do not allege they are males.

The rape statutes repeatedly use the term "male." ORS 163.355 to 163.375. However, the gender of the defendant is not an element of the offense because a woman could be liable as an accessory. Proposed Oregon Criminal Code 113, Commentary (1970). And even if gender were an element of the offense, Oregon law no longer requires criminal indictments to allege all elements of the offense charged in all instances. *State v. Keys,* 25 Or App 15, 22, 548 P2d 205, Sup Ct *review denied* (1976); *State v. Jim/White,* 13 Or App 201, 508 P2d 462, Sup Ct *review denied* (1973).

Moreover, the indictments allege "sexual intercourse with * * * a female." " 'Sexual intercourse' has its ordinary meaning and occurs upon any penetration, however slight * * *." ORS 163.305(8). The indictments, coupled with ORS 163.305(8), enable a person of common understanding to know the state's theory of defendants' gender.

For these reasons, defendants' demurrers were properly overruled.

During the rape the victim was bitten on the neck. The state had a dentist examine one of the defendants. At trial the dentist testified:

"Q  Is there any similarity between the location of the missing mark on the picture of the neck and the missing tooth in the mouth of the defendant?

"A  There is a similarity, it is in the same relative position."

Defendants assign the admission of this testimony as

error. If defendants contend that we should hold expert medical evidence is never admissible to establish the similarity between bite marks and a person's teeth, we find the reasoning of the cases that hold to the contrary to be persuasive. *People v. Marx,* 54 Cal App3d 100, 126 Cal Rptr 350 (1975); *People v. Milone,* 43 Ill App3d 385, 356 NE2d 1350 (1976); *People v. Johnson,* 8 Ill App3d 457, 289 NE2d 722 (1972); *Patterson v. State,* 509 SW2d 857 (Tex Cr App 1974). If defendants contend that the trial court abused its discretion by allowing the medical expert to state the above-quoted opinion in this case, we hold to the contrary.

Defendants remaining assignments were either not raised in the trial court or are resolved contrary to defendants' position by *State v. Lamphere,* 233 Or 330, 378 P2d 706 (1963).

Affirmed.