*[355]
 
 JOSEPH, J.
 

 Defendant was indicted for criminal nonsupport (ORS 163.555(1)),
 
 [1]
 
 a Class C felony. The trial court sustained a demurrer, and the state appeals. The indictment is set out in the margin for the purpose of discussion, not as a model.
 
 [2]
 

 The demurrer challenged the indictment on several grounds. The trial court judge sustained it on the primary ground that "seven years [is] simply * * * too long to wait before pm-suing this felony action.” He also said that paternity cannot be determined "in a criminal setting.” Further, he found that charging the defendant with criminal nonsupport seven years after the birth of the child without paternity having been determined civilly prior to indictment was "fundamentally unfair,” a denial of due process, and a denial of the rights "to have a fresh case presented” and to confront witnesses.
 

 The indictment contained all the statutory elements of the offense. The trial court would have required that the indictment allege that paternity had previously been determined in a civil action, and, since the six-year statute of limitations for filiation proceedings
 
 [3]
 
 had passed, it held the indictment to be deficient.
 
 *[356]
 
 Under the statute that allegation is not an element of the offense which the state is required to prove. Therefore, it was error to sustain the demurrer on that basis.
 
 State v. Routh/Hawkins,
 
 30 Or App 901, 568 P2d 704 (1977); ORS 132.540; ORS 132.550. To reach the other conclusions that the indictment was defective the court had to rely on facts not appearing on the face of the indictment. It follows that the demurrer should not have been sustained. ORS 135.630.
 

 Reversed and remanded.
 

 [1]
 

 ORS 163.555(1) provides:
 

 "A person commits the crime of criminal nonsupport if, being the parent, lawful guardian or other person lawfully charged with the support of a child under 18 years of age, bom in or out of wedlock, he refuses or neglects without lawful excuse to provide support for such child.”
 

 [2]
 

 # * * jfc
 

 "The said defendant, on or about October 13, 1976, unlawfully, feloniously and without lawful excuse refused and neglected to provide support for Angela Lorraine Gates, his child under the age of eighteen years who was bom out of wedlock on November 17, 1969. The defendant is the father of the child, and the child was a resident of and living in Multnomah County on October 13,1976. Said act of defendant was contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon. «* * * ijc *
 

 [3]
 

 ORS 109.135(3) provides:
 

 "A proceeding * * * shall be commenced within six years after the birth of the child.”