505 So.2d 1006 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
James VITAL, Defendant-Appellant.
No. CR86-126.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1987.
*1007 William R. Collins, New Iberia, for defendant-appellant.
Ralph K. Lee, Jr., Asst. Dist. Atty., New Iberia, for plaintiff-appellee.
Before DOMENGEAUX and KNOLL, JJ., and BROYLES, J. Pro Tem.[*]
TED R. BROYLES, Judge Pro Tem.
Defendant, James Vital, was convicted of armed robbery (La.R.S. 14:64), aggravated burglary (La.R.S. 14:60) and attempted aggravated rape (La.R.S. 14:27 and 14:42). The trial judge ordered him to serve concurrent sentences of sixty-six (66) years, twelve (12) years and forty (40) years, all at hard labor, to run concurrently. Defendant now appeals from the conviction and sentence.

FACTS:
On April 16, 1985, Willa Mae Smothers was sleeping with her two children in her bedroom in the upstairs apartment of a two-story building in New Iberia. Her fourteen year old boy was sleeping on the floor of her bedroom instead of in his bedroom because Miss Smothers was feeling ill and had requested that he remain with her. At 2:00 A.M. she heard the bedroom door open. Apparently a man had entered the apartment by removing a pane from a balcony window. When the male stranger entered, she began to scream. The man jumped into the bed and threatened to kill her if she continued screaming. The intruder's face was covered and he had a knife which he had taken from the kitchen. He threatened her with the knife and put it to her side. As the stranger jumped into the bed, he stepped on the boy and woke him. The boy stood up, but lay down when the man threatened him. The intruder stated to Miss Smothers that he wanted to have sexual intercourse with her. He forced her into her son's bedroom and ripped off her undergarments. When he noticed that she was menstruating, he stated that he would attempt anal intercourse instead and began biting the victim's breasts. He then discontinued further sexual attempts and asked the victim if she had money. He demanded that the boy bring the purse from her bedroom, forced her to empty the contents, and took sixty-five dollars and sixty-five dollars in food stamps. He then fled through the front door.

ASSIGNMENTS OF ERROR NOS. 1 and 4:
These assignments of error are not briefed and are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).

ASSIGNMENT OF ERROR NO. 2:
In this assignment of error the defendant alleges that the jury erred in finding the defendant guilty of armed robbery, attempted aggravated rape and simple burglary. Citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) he argues that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, would not have found beyond a reasonable doubt that the defendant was guilty.
The defendant alleges that the state did not show that the defendant was the perpetrator of the crimes. He notes that the defendant's girlfriend, Deborah Davis, testified that on the night of April 16 she and Vital had checked into Royale Motel at 12:30 A.M. and had not checked out until the next morning. The registration book of the motel revealed that Vital had checked into the motel on April 16 but did not indicate the time. In finding Vital guilty, the jury may not have considered Deborah Davis a credible witness.
Although the victim could not describe the assailant's face, there was other evidence identifying the suspect. The victim testified that at a laundromat she heard Vital's voice which she recognized as the assailant's.
Dr. Longmire, a dentist who testified at trial as an expert in the field of forensic dentistry, stated that he took photographs and made impressions of the bite marks left on the victim's breast by the assailant. On May 20, 1985, after Vital's arrest, the *1008 dentist made impressions and casts of Vital's teeth. After the dentist thoroughly described the procedure he used in comparing bite marks, he stated as follows:
The bite on Miss Smothers has a high degree of consistency with that of Mister Vital to the point that I feel I can say that within a reasonable forensic or medical certainty that his teeth would have been able to make that bite mark. (Tr. 184)
According to the dentist, the bite marks on the victim's breast were made by Vital's teeth.
At trial Carol Richards, a fingerprint analyst, testified that she had compared Vital's fingerprints with two latent prints lifted by the police from the window pane which the perpetrator had removed in order to enter the victim's apartment. She testified that there was "no doubt" in her mind that the two prints lifted from the window pane matched Vital's prints. She noted that one latent print had fourteen to fifteen points of comparison with the suspect's, and the other had nine to eleven points. In matching prints she was normally satisfied with eight to ten points of comparison. The proof that the latent prints were those of Vital is especially incriminating in view of his statement to Detective Hills to the effect that he had never been in or near the victim's apartment.
Viewing the above evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Vital committed the offenses with which he was charged. This assignment of error, lacks merit.

ASSIGNMENT OF ERROR NO. 3:
By this assignment of error the defendant alleges that the trial court erred in sentencing the defendant to 66 years, 40 years, and 12 years (concurrently) at hard labor for the conviction of armed robbery, attempted aggravated rape, and simple burglary, contending that the sentences are excessive and constitute cruel and unusual punishment within the meaning of Article I, Section 20 of the Louisiana Constitution and the Eighth Amendment to the United States Constitution.
State v. Davis, 449 So.2d 452 at 453 and 454 (La.1984) outlined the appellate review of the claim of excessiveness of sentences as follows:
La. Const. art. I, S 20 prohibits the imposition by law of excessive punishment. This Court has, therefore, held that the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment; that right is enforceable by this Court on appellate review. State v. Smith, 437 So.2d 252 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983). See also, State v. Williams, 397 So.2d 1287 (La.1981). A punishment is considered constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Telsee, supra; State v. Sims, 410 So.2d 1082 (La.1982); State v. Beavers, 382 So.2d 943 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980). The trial court's reasons in imposing sentence, as required by La.C.Cr.P. art. 894.1, are an important aid to this Court in reviewing an allegedly excessive sentence. State v. Telsee, supra; State v. Sepulvado, 367 So.2d 762 (La.1979). A trial judge is given wide discretion in the imposition of sentences within statutory limits; the sentence imposed by the trial court should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Smith, supra; State v. Washington, 414 So.2d 313 (La. 1982).
In the case before us all of the sentences are within the statutory limits. In imposing the sentence the trial judge properly outlined his reasons as follows:
... In imposing this sentence the Court's given consideration to the sentencing *1009 guidelines provided for by Article 894.1 of the Code of Criminal Procedure. The Court finds that the following guidelines are particularly applicable in this case: First, there is an undue risk that during the period of any suspension or probation the defendant would commit another crime. Second, the defendant is in need of correctional treatment or a custodial environment that can best be provided by his commitment to an institution. And, three, any lesser sentence than that imposed would tend to deprecate the seriousness of the defendant's crime. In addition to the foregoing and in an effort to find something in mitigation the Court finds that the defendant is a prior convicted felon, that this crime was committed within a short period of timethat that conviction was for simple burglary, one of the crimes for which he was convicted in this instance, and that within a short period of time of his release on that he committed another crime. The defendant has a prior history of criminal delinquency, not only with regard to the prior burglary charge but other criminal offenses which tend to negate any mitigation of his sentence. The defendant has raised in mitigation the fact that his imprisonment would entail excessive hardship to his dependents. Unfortunately, the crime and the attitude of the defendant do not obviate any such mitigation. The Court also finds that the crime that the defendant committed was particularly brutal, both with regard to the victim herself and to her minor child who was in the home at the time that the crime ... occurred. This brutality was further indicated by the fact that it was committed in the presence of a fourteen-year-old child. The child was a victim...
Considering the defendant's prior convictions, the brutal nature of the offenses, and the other factors considered by the trial judge, we conclude that he did not abuse his discretion in the imposition of the sentences. This assignment of error lacks merit.
Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.
NOTES
[*] Judge Ted R. Broyles of the Thirtieth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.