Argued and submitted November 20, 1987, reversed and remanded February 10, 1988

## STATE OF OREGON,
*Appellant,*

v.

## EXCEL LOGGING COMPANY,
*Respondent.*

(B69-206; CA A44950)

750 P2d 177

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

George A. Morris, Springfield, argued the cause for respondent. With him on the brief was Morris & O'Kief, Springfield.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

---

* Joseph, C. J., *vice* Young, J., deceased.

## VAN HOOMISSEN, J.

The state appeals pursuant to ORS 138.060(1) from a pre-trial order dismissing a criminal complaint. Defendant was charged with failure to avoid cable line rub. OAR 629-43-026(2); ORS 477.625 *et seq;* ORS 477.993(4). Before trial, it filed a motion for an omnibus hearing, contending that OAR 629-43-026(2) is unconstitutionally vague and void on its face. *See* ORS 135.037. At the hearing, both parties made offers of proof. The trial court held that OAR 629-43-026(2) "is unconstitutionally vague and cannot be the basis for a criminal prosecution."[1]

OAR 629-43-026 provides, in relevant part:

"Any person who has been issued a permit pursuant to ORS 477.625 and is conducting an active operation on or within one-eighth mile of forest land, which operation uses power-driven machinery, shall comply with the following precautions to prevent the spread of fire on or from the operation:

"* * * * *

"(2) The operator of a cable logging operation shall avoid line-rub on rock or woody material which may result in sparks or sufficient heat to cause ignition of fire."

We examine the question of vagueness under the Oregon Constitution first. In *State v. Graves,* 299 Or 189, 195, 700 P2d 244 (1985), the Supreme Court stated:

"The terms of a criminal statute must be sufficiently explicit to inform those who are subject to it of what conduct

---

[1] The trial court did not explain whether it found the rule vague under the state or federal constitution, or both. Defendant's motion did not specify on which constitutional provisions it was relying. Article I, section 20, of the Oregon Constitution provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

Article I, section 21, provides, in relevant part:

"No *ex-post facto* law * * * shall ever be passed * * *."

The Fourteenth Amendment provides, in relevant part:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

on their part will render them liable to its penalties. In addition to its function of giving fair notice of the forbidden conduct, [a] criminal statute must not be so vague as to permit a judge or jury to exercise uncontrolled discretion in punishing defendants, because this offends the principle against *ex post facto* laws embodied in Article I, section 21, of the Oregon Constitution. * * * A criminal statute need not define an offense with such precision that a person in every case can determine in advance that a specific conduct will be within the statute's reach. However, a reasonable degree of certainty is required by Article I, sections 20 and 21." (Citations and footnote omitted.)

In construing a rule, we give words of common usage their plain and ordinary meaning. *See State v. Cornell/Pinell*, 304 Or 27, 31, 741 P2d 501 (1987); *Perez v. State Farm Mutual Ins. Co.*, 289 Or 295, 299, 613 P2d 32 (1980).

■ The trial court held that the words "which may result in sparks or sufficient heat to cause ignition of fire" are unconstitutionally vague. We disagree. Defendant argues that *every* cable logging operator violates OAR 629-43-026(2), because cable logging cannot be done without violating the rule. Defendant also argues that, because not every operator is charged with a violation, the rule is too vague to apply.

■ Defendant's arguments suffer from at least two defects. First, if it knows that *every* cable logging operator is violating the rule, defendant is able to determine what conduct violates it and, thus, the rule is not vague. Second, even assuming that defendant's argument that not every operator is charged with a violation is evidence that the rule is vague, defendant can only show such "selective enforcement" by presenting factual evidence. Therefore, the rule is not vague *on its face,* as defendant's motion contends.[2] We reach the same result for the same reasons under the federal constitution. We conclude that the trial court erred in dismissing the complaint.

---

[2] The trial court treated defendant's motion as a demurrer. Even if defendant had actually demurred, the court should not have considered the evidence presented in the offers of proof. In considering the validity of an accusatory instrument on demurrer, the trial court is bound by what appears on the face of that instrument and may not rely on matters not appearing on the face. *See State v. Gates,* 31 Or App 353, 356, 570 P2d 670 (1977), *rev den* 281 Or 323 (1978); *State v. Norton,* 9 Or App 595, 598, 497 P2d 680, *rev den* (1972).

Reversed and remanded.