Argued and submitted September 26, reversed and remanded October 26, 1988

## STATE OF OREGON,
*Appellant,*

*v.*

## TAMERA LYNN WALDO,
*Respondent.*

(87-1271; CA A47158)

763 P2d 417

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Mark Kramer, Portland, argued the cause for respondent. With him on the brief was Simon, Kramer & Fithian-Barrett, Portland.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

GRABER, J.

## GRABER, J.

The state appeals from an order that sustained defendant's demurrer to an indictment charging her with escape in the second degree. ORS 162.155.[1] We reverse.

The indictment alleged:

"That [defendant] on or about the 25th day of August, 1987, in Washington County, Oregon, did unlawfully and knowingly *escape from the Washington County Jail,* a correctional facility; contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon." (Emphasis supplied.)

Defendant demurred, claiming that the indictment failed to state facts constituting a crime. ORS 135.630(4). The trial court agreed and sustained the demurrer.

If an accused can admit the truth of every allegation of fact and still be innocent of a crime, then the indictment is insufficient and will not support a conviction. *State v. Anderson,* 242 Or 457, 462, 410 P2d 230 (1966). In this case, however, if defendant were to admit all facts contained in the indictment, she would be guilty of escape in the second degree. We hold that the indictment sufficiently charges that crime. *See State v. East,* 31 Or App 743, 745, 571 P2d 195 (1977).

The essence of defendant's claim is that the facts on which she expects the state to rely at trial are insufficient to prove the crime charged. Defendant was not physically confined to jail at the time of the alleged escape; rather, she had been released to the Salvation Army's Harbor Light Center in Portland for treatment of alcoholism. Defendant argues that her departure from the treatment center was not an escape within the meaning of ORS 162.155(1), because the center is not a correctional facility. The state argues that defendant was in the constructive custody of the jail, so that her unauthorized departure from the treatment center constituted an escape from the jail. Those arguments are premature. Defendant's theory requires an analysis of facts extrinisic to those

---

[1] ORS 162.155 provides in part:

"(1) A person commits the crime of escape in the second degree if:

"* * * * *

(c) The person escapes from a correctional facility * * *."

contained in the indictment. A demurrer cannot be sustained on that basis. *State v. Kurtz,* 46 Or App 617, 624, 612 P2d 749 (1980).[2]

Reversed and remanded.