Argued and submitted July 13, 1992, affirmed February 17, reconsideration denied April 14, petition for review denied May 25, 1993 (316 Or 528)

# STATE OF OREGON,
*Respondent,*

*v.*

# MARVIN D. ALBEE,
*Appellant.*

## (89-5321; CA A70830)

847 P2d 858

J. Michael Alexander, Salem, argued the cause for appellant. With him on the brief·was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals his conviction of involvement in animal fighting. ORS 167.355. He challenges the denial of his motions to dismiss and to suppress. We affirm.

The parties agree on the facts. On May 21, 1989, officers executed a search warrant at the Big Meadow Farm in Columbia County, pursuant to information that they had received from a Humane Society investigator and an unnamed informant. They discovered that part of a barn had been converted into a cockfighting arena. The stands were full of people, and a match was about to begin in the pit area. Behind the barn was a storage area for birds and cockfighting paraphernalia, including spurs and knives. The officers also discovered a number of dead birds in the area. Bird owners paid substantial entry fees to compete for purses, the promoters charged admission to the fights, and a number of people were wagering on the outcome of the fights. Defendant was among the spectators. He was arrested at the site.

Defendant moved pretrial to suppress evidence obtained pursuant to the warrant, arguing that the information in the supporting affidavit was stale and unreliable. Defendant also moved to dismiss the charge, arguing that "the said statute is so vague as to be invalid and incapable of enforcement." The trial court denied both motions. Defendant assigns error to the denials.

We first consider the denial of the motion to dismiss. Defendant contends that ORS 167.355[1] is void for vagueness

---

[1] ORS 167.355 provides:

"(1) A person commits the crime of involvement in animal fighting if the person:

"(a) Owns or trains an animal with the intention that the animal engage in an exhibition of fighting; or

"(b) Promotes, conducts, participates in or is present as a spectator at an exhibition of fighting or preparations thereto; or

"(c) Keeps or uses, or in any way is connected with or interested in the management of, or receives money for the admission of any person to any place kept or used for the purpose of an exhibition of fighting; or

"(d) Knowingly suffers or permits any place over which the person has possession or control to be occupied, kept or used for the purpose of an exhibition of fighting.

"(2) For purposes of this section:

and, therefore, violates the federal Due Process Clause, and Article I, sections 20 and 21, of the Oregon Constitution, and that it is overbroad in violation of the First Amendment and Article I, section 26, of the Oregon Constitution. Because vagueness and overbreadth are different concepts, we address them separately. We first consider defendant's state law challenge.

■ In *State v. Graves*, 299 Or 189, 195, 700 P2d 244 (1985), the Supreme Court explained the standard for determining whether a statute is vague:

"The terms of a criminal statute must be sufficiently explicit to inform those who are subject to it of what conduct on their part will render them liable to its penalties. *State v. Hodges*, 254 Or 21, 27, 457 P2d 491 (1969). In addition to its function of giving fair notice of the forbidden conduct, [a] criminal statute must not be so vague as to permit a judge or jury to exercise uncontrolled discretion in punishing defendants, because this offends the principle against *ex post facto* laws embodied in Article I, section 21, of the Oregon Constitution. *Id.* The equal privileges and immunities clause is also implicated when vague laws give unbridled discretion to judges and jurors to decide what is prohibited in a given case, for this results in the unequal application of criminal laws. *See State v. Robertson*, 293 Or 402, 408, 649 P2d 569 (1982). A criminal statute need not define an offense with such precision that a person in every case can determine in advance that a specific conduct will be within the statute's reach. However, a reasonable degree of certainty is required by Article I, sections 20 and 21." (Footnote omitted.)

Defendant's specific contention regarding vagueness is that the provision making it a crime for a person to be

"(a) 'Animal' means any bird, reptile, amphibian, fish or nonhuman mammal, other than a dog.

"(b) 'Exhibition of fighting' means a public or private display of combat between two or more animals in which the fighting, killing, maiming or injuring of animals is a significant feature. 'Exhibition of fighting' does not include demonstrations of the hunting or tracking skills of an animal or the lawful use of animals for hunting, tracking or self-protection.

"(3) Nothing in this section applies to or prohibits any customary practice of breeding or rearing game cocks even though those cocks may be subsequently used in cock fighting exhibitions outside the State of Oregon.

"(4) Involvement in animal fighting is a Class A misdemeanor."

"present as a spectator at an exhibition of fighting or preparations thereto" is vague, because "preparations thereto" is not defined by the statute and allows a jury to define it.

We conclude, however, that defendant's concerns about the general application of the statute are irrelevant to this case, because his conduct clearly comes within the statutory language.

> "Where the statute at issue purports to regulate or proscribe First Amendment rights, courts have allowed defendants to challenge the statute as vague and overbroad as it applies to others. *Dombrowski v. Pfister*, 380 US 479, 491-92, 85 S Ct 1116, 14 L Ed2d 22 (1965). However, where, as here, First Amendment rights are not affected, the defendant must show the statute is unconstitutional as applied to him. *State v. Drummond*, 6 Or App 558, 562, 489 P2d 958 (1971)." (Footnote omitted.)

In *State v. Farrar*, 309 Or 132, 786 P2d 161 (1990), the defendant made a facial vagueness challenge to the two aggravated murder statutes under which he was convicted. The court rejected the challenge, because the defendant's conduct

> "fell squarely within the statute's prohibitions. Defendant's abstract concern about how the statute might be applied to others is irrelevant to the validity of his own conviction." 309 Or at 183.

As in *Farrar*, defendant's argument on this issue does not involve a First Amendment challenge and, thus, our focus is on whether the statute is constitutional as applied to defendant under these circumstances. We conclude that it is. As defendant admits, he was present as a spectator at a farm where a cockfight was about to begin. People were in the stands, admission was being charged, betting was taking place and paraphernalia associated with cockfighting was found on the premises. Under any reasonable interpretation of ORS 167.355, a person of common intelligence would know that those activities were preparations for a cockfight and that the conduct was prohibited by the statute.

■ Defendant also argues that the statute is vague, because it fails to specify a culpable mental state. Defendant argues that "[o]ne thus can negligently be a spectator to preparations for an animal fight and be subject to criminal

penalty." Defendant is correct that the statute does not specify a required mental state for this crime. Accordingly, pursuant to ORS 161.115(2), the state must prove that a defendant acted intentionally, knowingly, recklessly or with criminal negligence. However, again, whether a person could be convicted of this crime based on a negligent mental state is not pertinent here, because the charging instrument in this case alleged that defendant "knowingly" was present as a spectator.

■    Defendant's challenge under federal law on this issue is essentially identical to his state law challenge. Therefore, for purposes of this case, we reject his claim for the reasons stated in our state law analysis. *See State v. Pyritz*, 90 Or App 601, 606, 752 P2d 1310 (1988). The trial court properly denied defendant's motion to dismiss on the ground of vagueness.

Defendant's second challenge is that the statute is unconstitutionally overbroad. Overbreadth is different than vagueness.

> "An 'overbroad' law, as that term has been developed by the United States Supreme Court, is not vague, or need not be. Its vice is not failure to communicate. Its vice may be clarity. For a law is overbroad to the extent that it announces a prohibition that reaches conduct which may not be prohibited. A legislature can make a law as 'broad' and inclusive as it chooses unless it reaches into constitutionally protected ground. The clearer an 'overbroad' statute is, the harder it is to confine it by interpretation within its constitutionally permissible reach." *State v. Blocker*, 291 Or 255, 261, 630 P2d 824 (1981).

■■    Defendant has the burden to show that ORS 167.355 prohibits conduct that may not be prohibited under either the state or federal constitution. He argues here that the statute infringes on "the guarantees of freedom of assembly under both the Federal and State Constitutions," US Const, Amend I; Or Const, Art I, § 26, because it could be read to restrict persons from meeting to discuss cockfighting. Because defendant's challenge allegedly involves conduct protected by the First Amendment, defendant may make a facial challenge on this issue.

■ Nonetheless, it is unnecessary to decide whether a restriction on gathering to discuss cockfighting would be a restriction on constitutionally protected conduct, because we do not read the statute to prohibit that conduct. The only provision of the statute that could be read to restrict conduct protected by the First Amendment is subsection (1)(b):

"(1) A person commits the crime of involvement in animal fighting if the person:

"* * * * *

"(b) Promotes, conducts, participates in or is present as a spectator at an exhibition of fighting or preparations thereto * * *."

We read that provision as requiring more than just gathering to discuss cockfighting to constitute participation in an exhibition or preparations thereto.

■ In his second assignment of error, defendant argues that the trial court erred in denying his motion to suppress evidence seized pursuant to the search warrant. He contends that the affidavit is insufficient to support a finding of probable cause, because the evidence did not demonstrate the reliability of the information from the unnamed informant. To establish probable cause, the facts in the warrant must be found to allow a reasonable person to believe that the items sought in the warrant will probably be found in the location to be searched. *State v. Anspach*, 298 Or 375, 380, 692 P2d 602 (1984). Under ORS 133.545(4), an affidavit based on hearsay must (1) disclose the means by which the information was obtained and (2) set forth the facts establishing an unnamed informant's reliability. The informant's reliability is demonstrated by facts showing that the informant is credible and that the information from the informant is reliable. *State v. Alvarez*, 308 Or 143, 147, 776 P2d 1283 (1989).

■ Defendant contends that the reliability of the informant's information here "is suspect because his past information was never verified to show that any illegal activity had in fact taken place." He also asserts that the information regarding the *upcoming* fight was "ill-supported," because the informant was not reliable, and because the affiant did not state how the informant got the information, nor did he present other evidence to verify that a fight would take place.

Finally, he argues that the information was stale, because some of it was a year old.

However, as the trial court found, it was shown that the informant had provided accurate information in the past, that the informant's information was extensively corroborated and, because the conduct involved an ongoing activity, the information was not stale:

"It is clear that the information given by the unnamed informant based on the facts cooborated [sic] by the police show the informant to be credible and the information to be reliable.

"The information from the unnamed informant is not stale due to the type of event involved. An event by its nature may be regular or periodic. If someone is operating an ongoing business then information can be accumulated close in time. But in the cases under consideration, the event is large and involved people from numerous states and is periodic. The information from March, 1988 is not stale, especially when the police confirmed some of the new information and it established a link or course of conduct to the 1988 information/event."

We conclude that the trial court did not err in denying the motion to suppress.

Affirmed.