# STATE OF OREGON,
*Respondent,*

*v.*

# KENNETH N. HARTRAMPF,
*Appellant.*

(89-5707; CA A70906)

847 P2d 856

J. Michael Alexander, Salem, argued the cause for appellant. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

Affirmed.

**DEITS, J.**

This case involves the execution of a search warrant at Big Meadow Farm in Columbia County on May 21, 1989. The facts are set out in a companion case decided this date, *State v. Albee*, 118 Or App 212, 847 P2d 858 (1993). In *Albee*, the defendant was convicted of involvement in animal fighting under ORS 167.355. We upheld his conviction under a challenge to the statute based on vagueness and overbreadth. We also upheld the trial court's denial of his motion to suppress.

Defendant here appeals his conviction for attempted involvement in animal fighting. ORS 167.355; ORS 161.405. He makes the same challenges to ORS 167.355 as those addressed in *Albee*, and we reject them for the same reasons we identified there. In addition, defendant argues that, when the statute is combined with the attempt statute, ORS 161.405, its defects are more pronounced. He explains:

> "If it can possibly be saved from direct attack, it is certainly unconstitutional when coupled with ORS 161.405, criminalizing attempted involvement in animal fighting. Under such analysis a person can be convicted of attempting to intentionally, knowingly, recklessly, or negligently be a spectator at preparations for an animal fight. Under the principles discussed above, such prohibition is both vague and overbroad, and could encompass wide levels of acceptable and Constitutionally protected activity."

Defendant makes no First Amendment challenge and identifies no constitutionally protected activity proscribed by the statutes at issue. Therefore, the issue is whether defendant's conduct in this case falls within the statutes' prohibitions. Defendant stipulates that he knowingly was among the spectators at the farm hosting a cockfighting event. Fights were about to begin, admission was being charged and people were placing wagers on the fights. Under ORS 161.405, in order to be convicted of an attempt to commit a crime, a person must "intentionally engag[e] in conduct which constitutes a substantial step toward commission of the crime." A person of common intelligence could discern that defendant's conduct here constituted a substantial step toward involvement in animal fighting. We conclude that the statutes establishing the offense of attempted

involvement in animal fighting are not unconstitutionally vague in violation of the Federal Due Process Clause or Article I, sections 20 and 21, of the Oregon Constitution.

Affirmed.