Argued and submitted September 28, 1992, resubmitted In Banc May 5, reversed
and remanded June 23, 1993

# STATE OF OREGON,
*Appellant,*

*v.*

# CHARLES M. GYENES,
*Respondent.*

(91-085; CA A70620)

855 P2d 642

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Lisa A. Maxfield, Portland, argued the cause for respondent. With her on the brief was Ransom, Blackman & Weil, Portland.

WARREN, J.

Edmonds, J., concurring.

### WARREN, J.

The state appeals from a judgment allowing defendant's demurrer and dismissing three counts of bribe giving. ORS 162.015. We reverse.

ORS 162.015(1) provides:

"A person commits the crime of bribe giving if the person offers, confers or agrees to confer any pecuniary benefit upon a public servant with the intent to influence the public servant's vote, opinion, judgment, action, decision or exercise of discretion in an official capacity."

The term "pecuniary benefit," as used in ORS 162.015(1), does not include "a political campaign contribution reported in accordance with ORS chapter 260." ORS 162.005(1). Because "pecuniary benefit" is part of ORS 162.015(1), the definition of that term must be read into the bribery statute.

Defendant and the state read those statutes as meaning that unreported campaign contributions are bribes. Defendant contends that the state cannot constitutionally make criminal unreported campaign contributions, because making campaign contributions is a constitutionally protected expressive activity. Therefore, he argues that ORS 162.015(1) violates Article I, section 8, of the Oregon Constitution, on its face, because it is overbroad.[1]

Count one of defendant's indictment provides, in part:

"The said defendant * * * did unlawfully and knowingly offer or confer $200 upon Yamhill County Commissioner Ted Lopuszynski, a public servant, with intent to influence the said public servant's action, vote, opinion, judgment decision or exercise of discretion in said public servant's official capacity * * *."

None of those allegations indicates that defendant made a campaign contribution, although conceivably that could have been what defendant intended. Consequently, the facts that

---

[1] Article I, section 8, of the Oregon Constitution provides:

"No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

defendant relies on to support his demurrer do not appear on the face of the indictment.

Generally, a demurrer must be based on the allegations on the face of the indictment. *State v. Gates*, 31 Or App 353, 356, 570 P2d 670 (1977), *rev den* 281 Or 323 (1978). Nevertheless, it is permissible for a defendant to challenge the constitutionality of a statute by way of a demurrer, if the assertion is that the statute is overbroad. *State v. Pyritz*, 90 Or App 601, 603, 752 P2d 1310 (1988). That is true, even if the indictment does not allege, on its face, that the defendant engaged in the allegedly constitutionally protected conduct. *See, e.g., State v. Spencer*, 289 Or 225, 229, 611 P2d 1147 (1980).[2]

For example, in *State v. Albee*, 118 Or App 212, 847 P2d 858 (1993), the defendant moved to dismiss the indictment against him on the ground that ORS 167.355, the statute he was charged with violating, was unconstitutionally overbroad on its face. Part of that statute makes it a crime to promote, conduct or participate in an exhibition of animal fighting. Although defendant did not contend that he had engaged in any expressive activity, he argued that ORS 167.355 was unconstitutional "because it could be read to restrict persons from meeting to discuss [animal fighting]." 118 Or App at 217. We recognized that the defendant could assert that challenge by a motion to dismiss. Nevertheless, we rejected his argument, because we did not read the statute to prohibit that conduct.

Here, as in *Albee*, defendant asserts an overbreadth challenge to a statute and argues that it could burden protected expression. If defendant is correct that ORS 162.015(1) is overbroad, that statute would be void on its face. Consequently, defendant was entitled to assert his constitutional challenge by demurring to the indictment. Nevertheless, if ORS 162.015(1) does not prohibit what defendant and the state contend that it does, we need not address defendant's constitutional challenge. The parties read ORS 162.015(1) to

[2] In *State v. Spencer, supra*, 289 Or at 228, the court said:

"If a law concerning free speech on its face violates [Article I, section 8, of the Oregon Constitution], it is unconstitutional; *it is not necessary to consider what the conduct is in the individual case.*" (Emphasis supplied.)

prohibit unreported campaign contributions. That, however, is not what that statute provides.

Under ORS 162.005(1), "a political campaign contribution reported in accordance with ORS chapter 260" cannot constitute a bribe. A campaign contribution cannot be "reported *in accordance with* ORS chapter 260" unless a report is required or authorized by some provision of that chapter. (Emphasis supplied.) ORS 260.058, ORS 260.063, ORS 260.068, ORS 260.073, ORS 260.102 and ORS 260.112 require candidates and political committees to report campaign contributions. However, no provision of ORS chapter 260 requires or permits an individual donor to report a campaign contribution. Consequently, if we read ORS 162.005(1) literally, a person who makes a legitimate campaign contribution that the recipient fails to report, for whatever reason, has committed bribery. Because that result is absurd, we must resort to the legislative history to glean greater insight of the legislature's intent.

The history of the bill that included the provisions that became ORS 162.015 indicates that the legislature fully intended to exempt campaign contributions from the ambit of the bribery statutes, but was uncertain as to how to accomplish that objective. The subcommittee that reviewed the proposed law debated whether the bribery statute should specifically exempt campaign contributions or whether their intent to exempt those contributions should be expressed in the commentary, leaving the matter for the courts. Wallace P. Carson, chairman of the subcommittee, expressed reservations about leaving the matter for the courts because, as a rule, Oregon courts do not look beyond the face of the statute. *See* Minutes, Criminal Law Revision Commission, Subcommittee No. 2, June 10, 1969, p 14. He made clear, however, that all of the members of the subcommittee were in agreement that campaign contributions were not bribes. *See* Minutes, Criminal Law Revision Commission, Subcommittee No. 2, June 10, 1969, p 14. Finally, with little further discussion, and no review of the provisions of ORS chapter 260, one of the members of the subcommittee proposed a specific exception in the bribery statute for contributions reported in accordance with ORS chapter 260. That amendment is now codified at ORS 162.005(1). That same member also expressed that he

would be willing to rely on the good sense of the courts in interpreting that provision. Minutes, Criminal Law Revision Commission, Subcommittee No. 2, June 10, 1969, p 18.

■ Considering that the legislature did not intend campaign contributions to be bribes, but that ORS chapter 260 does not require or authorize an individual donor to report a campaign contribution, we should exercise our good sense and read the bribery statute as exempting any campaign contribution that is required to be reported by the donee under ORS chapter 260, even if the donee fails to report it. That will preclude an individual from being held vicariously liable for another's omission, but permit a prosecution for bribery if the state can prove that that individual did not intend a pecuniary benefit as a campaign contribution.

The sole basis for defendant's demurrer was that ORS 162.015(1) criminalizes unreported campaign contributions. Because that statute does not proscribe that conduct, the court erred in concluding that ORS 162.015(1) unconstitutionally burdens defendant's rights under Article I, section 8, for that reason. Because the indictment validly charges a violation of ORS 162.015(1),[3] the court erred in granting defendant's demurrer.

Reversed and remanded.

**EDMONDS, J.,** concurring.

I agree with the majority that the trial court erred in allowing defendant's demurrer. However, we should reverse solely on the ground that the indictment is legally sufficient to charge defendant with the crime of bribe giving. We should not, as the majority does, reach defendant's constitutional argument, because it is based on facts outside the indictment.

In three counts, the indictment alleges that defendant did "knowingly offer or confer" monies on three Yamhill County Commissioners "with intent to influence the said public servant's action, vote, opinion, judgment, decision or

---

[3] Although defendant cannot be convicted of bribery if the money he allegedly provided to the public servants was a campaign contribution, the indictment does not allege that that was what he intended his donation to be. Because an indictment need not negative any statutory exceptions to its coverage, *State v. George,* 72 Or App 135, 138, 694 P2d 1011 (1985), the state need not allege that the funds were not campaign contributions for the indictment to validly charge the crime of bribery.

exercise of discretion in said public servant's official capacity." This language sufficiently charges defendant with the crime outlined in ORS 162.015(1), which provides:

> "A person commits the crime of bribe giving if the person offers, confers or agrees to confer any pecuniary benefit upon a public servant with the intent to influence the public servant's vote, opinion, judgment, action, decision or exercise of discretion in an official capacity."

"Pecuniary benefit" is defined as

> "gain or advantage to the beneficiary or to a third person pursuant to the desire or consent of the beneficiary, in the form of money, property, commercial interests or economic gain, *but does not include a political campaign contribution reported in accordance with ORS chapter 260.*" ORS 162.005. (Emphasis supplied.)

ORS 135.630 says that a defendant may demur to the accusatory instrument when "it appears upon the face thereof" that the accusatory instrument is legally insufficient. A demurrer cannot be sustained on the basis of facts extrinsic to those contained in the indictment. *State v. Waldo*, 93 Or App 613, 763 P2d 417 (1988). Defendant's demurrer is predicated on the claim that the pecuniary benefit conferred was a campaign contribution. None of the allegations in the accusatory instrument indicate that the pecuniary benefits conferred by defendant were campaign contributions. Consequently, defendant must rely on extrinsic facts to support his demurrer on his asserted constitutional grounds.

Nevertheless, the majority says it is permissible for defendant to challenge the constitutionality of the statute by demurrer because it is overbroad, even though the indictment does not allege on its face that defendant engaged in constitutionally protected conduct. 121 Or App at 211. To support its holding, the majority relies on *State v. Spencer*, 289 Or 225, 611 P2d 1147 (1980), *State v. Pyritz*, 90 Or App 601, 752 P2d 1310 (1988), and *State v. Albee*, 118 Or App 212, 847 P2d 858 (1993). These cases do not support the majority's proposition. They hold that a defendant may facially challenge the constitutionality of a statute whose language is incorporated in the charging instrument.

In *State v. Spencer, supra*, the complaint charged the defendant with disorderly conduct. It alleged that he "did

unlawfully and recklessly create a risk of public inconvenience, annoyance and alarm by using abusive and obscene language in a public place." The statutory basis for that charge, *former* ORS 166.025(1)(c), provided:

"A person commits the crime of disorderly conduct if, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

"* * * * *

"Uses abusive or obscene language, or makes an obscene gesture in a public place; * * *."

In *State v. Pyritz, supra*, the defendant was accused of violating ORS 167.222, which provides:

"A person commits the offense of frequenting a place where controlled substances are used if the person keeps, maintains, frequents, or remains at a place, while knowingly permitting persons to use controlled substances in such place * * *."

The complaint charged that the defendant "did unlawfully and knowingly frequent and remain at [a specified] place where the defendant knowingly permitted persons to use, keep and sell illegal controlled substances * * *."

In *Albee*, the defendant contended that ORS 167.355 was overbroad, in violation of the First Amendment and Article I, section 26, of the Oregon Constitution, because it could be read to restrict persons from meeting to discuss cockfighting. Defendant was among the spectators when a cockfight was about to begin. His alleged conduct fell expressly within the prohibition of ORS 167.355(1)(b) which provides that a person violates ORS 167.355 if he is "present as a spectator at an exhibition of fighting or preparations thereto." We said: "Because defendant's challenge allegedly involves conduct prohibited by the First Amendment, defendant may make a facial challenge on this issue." 118 Or App at 217. We then held that it was unnecessary to decide whether a restriction on gathering to discuss cockfighting would be a restriction on constitutionally protected conduct, because the statute requires more than just gathering to discuss cockfighting to constitute participation in that activity. The majority is wrong when it says that the holding in *Albee* means that it is permissible for a defendant to challenge

the constitutionality of a statute when the indictment does not allege that the challenged portion of the statute is implicated. *Albee* is a case in which the conduct charged in the accusatory instrument *did* implicate the challenged statute.

The majority says, "[b]ecause 'pecuniary benefit' is part of ORS 162.015(1), the definition of that term must be read into the bribery statute." 121 Or App at 210. That statement fails to recognize that "pecuniary benefit" as defined under ORS 162.005 can be other than a campaign contribution and that the state has not alleged that defendant conferred a campaign contribution. It may be that there will be no evidence that the alleged bribe was a campaign contribution. The granting of defendant's demurrer based on extrinsic facts preempted the state from proving the allegations of the indictment. The issue of whether ORS 162.015(1) is constitutional when the pecuniary benefit is a political campaign contribution is not ripe for decision until the fact that the benefit conferred was a campaign contribution is put in issue. We should not decide the constitutionality of a part of a statute that is not before us.

Richardson, C. J., and Deits and Riggs, JJ., join in this concurring opinion.