¶ 53. I concur with the majority view that bite-mark evidence is now admissible in this state. I have long espoused that view, but have previously been unable to convince a majority of this Court that we should adopt this view. See Banks v. State ,725 So.2d 711, 718-20 (Miss. 1998) (Smith, J., dissenting); Howard v. State, 701 So.2d 274, 287-93 (Miss. 1997) (Smith, J., dissenting). I have also noted that in Harrison v. State, 635 So.2d 894 (Miss. 1994), this Court had the opportunity to rule that bite-mark evidence was admissible, but did not do so. This, in spite of holding that "the lower court erred in failing to provide expert witnesses, both in pathology and odonatology, to the defendant."Howard, 701 So.2d at 293 (Smith, J., dissenting). Having so noted in these previous dissents, I write further here in support of the majority view, to simply point out the extent of the universal acceptance by our courts nationwide of the admissibility of bite-mark evidence.
¶ 54. Bite-mark evidence has been repeatedly accepted as scientific evidence and held to be admissible. Handley v. State,515 So.2d 121, 130 (Ala. Crim. App. 1987) (forensic odonatologist testimony admissible as evidence is in the nature of physical comparisons as opposed to scientific tests or experiments); State v. Richards,804 P.2d 109, 111 (Ariz. Ct. App. 1990) (a Frye hearing is not required where bite-mark evidence is presented by a qualified expert); Verdict v. State, 868 S.W.2d 443, 447 (Ark. 1993) (bite-mark evidence is not novel scientific evidence and was relevant and reliable, People v. Marsh, 441 N.W.2d 33, 36 (Mich.Ct.App. 1989) (general reliability of bite-mark evidence as a means of positive identification is sufficiently established that a court is authorized to take judicial notice of reliability without conducting hearing on same); State v. Armstrong, 369 S.E.2d 870, 877 (W.Va. 1988) (reliability of bite-mark evidence is sufficiently established that a court is authorized to take judicial notice of same); State v. Stinson,397 N.W.2d 136, 140 (Wis. Ct. App. 1986) (bite-mark identification evidence presented by an expert witness can be a valuable aid to a jury in understanding and interpreting evidence). See also Chase v. State,678 P.2d 1347 (Alaska Ct. App. 1984); People v. Marx,126 Cal.Rptr. 350 (Cal. Ct. App. 1975); State v. Ortiz, 502 A.2d 400
(Conn. 1985); Mitchell v. State, 527 So.2d 179 (Fla. 1988);Bundy v. State, 455 So.2d 330 (Fla. 1984); Smith v. State,322 S.E.2d 492 (Ga. 1984); People v. Shaw, 664 N.E.2d 97 (Ill. App. Ct. 1996); People v. Milone, *Page 747 356 N.E.2d 1350 (Ill. App. Ct. 1976); Niehaus v. State,359 N.E.2d 513 (Ind. 1977); State v. Peoples, 605 P.2d 135
(Kan. 1980); State v. Vital, 505 So.2d 1006 (La. Ct. App. 1987);Commonwealth v. Cifizzari, 492 N.E.2d 357 (Mass. 1986);State v. Hodgson, 512 N.W.2d 95 (Minn. 1994);State v. Sager, 600 S.W.2d 541 (Mo. Ct. App. 1980); Bludsworthv. State, 646 P.2d 558 (Nev. 1982); People v. Bethune,484 N.Y.S.2d 577 (N.Y. App. Div. 1984); State v. Green, 290 S.E.2d 625
(N.C. 1982); State v. Hill, 595 N.E.2d 884 (Ohio 1992); State v.Routh, 568 P.2d 704 (Or. Ct. App. 1977); Commonwealth v. Henry,569 A.2d 929 (Pa. 1990); State v. Adams, 481 A.2d 718 (R.I. 1984); State v. Jones, 259 S.E.2d 120 (S.C. 1979); State v.Cazes, 875 S.W.2d 253 (Tenn. 1994); Spence v. State,795 S.W.2d 743 (Tex.Crim.App. 1990); Harward v. Commonwealth,364 S.E.2d 511 (Va. Ct. App. 1988); State v. Howe, 386 A.2d 1125 (Vt. 1978);State v. Warness, 893 P.2d 665 (Wash. Ct. App. 1995).
¶ 55. Two additional states imply that bite-mark evidence would be admissible, but hold that a Frye hearing should be held prior to admission of such evidence. Fishback v. People, 851 P.2d 884
(Colo. 1993); Bloodworth v. State, 512 A.2d 1056 (Md. 1986).
¶ 56. The majority view is correct and long overdue. The U.S. Supreme Court recent decisions of Kumho Tire Co. v. Carmichael ,119 S.Ct. 1167 (1999); General Elec. Co. v. Joiner ,522 U.S. 136 (1997); Daubert v. Merrell Dow Pharms., Inc ., 509 U.S. 579
(1993) stress that the federal district courts must be gatekeepers on the admission of expert testimony. I am confident that our learned trial judges will properly determine, on a case-by-case basis, whether an expert may testify to certain matters if the proper procedures are followed by the parties seeking the admission of such expert's testimony. I am equally persuaded that our juries are quite capable to determine what weight and credibility to give to the expert witness and his testimony.
WALLER AND COBB, JJ., JOIN THIS OPINION.