Submitted February 6, conviction on Count 1 reversed and remanded; otherwise affirmed April 8, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOSHUA ROBERT KAY,
*Defendant-Appellant.*

Lincoln County Circuit Court
064432; A134564

206 P3d 208

Peter Gartlan, Chief Defender, and Zachary Lovett Mazer, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of possession of methamphetamine under ORS 475.894 (Count 1),[1] and reckless driving under ORS 811.140 (Count 2). On appeal, defendant challenges only his conviction on Count 1, arguing that the trial court should have granted his motion to suppress evidence that was obtained when police inventoried the contents of his car. Specifically, defendant contends that the search of his backpack, which police found in the trunk of his car, violated his rights under Article I, section 9, of the Oregon Constitution, because the Newport Police Department's inventory policy was not properly limited in scope. The state concedes that the inventory policy at issue, which permits an officer to open *all* closed containers, is too broad to satisfy Oregon constitutional requirements. *See, e.g., State v. Eldridge*, 207 Or App 337, 341, 142 P3d 82 (2006). For that reason, the state concedes that the trial court erred in denying defendant's motion to suppress and that the conviction on the first count in the indictment must be reversed and remanded. We agree and accept the concession.

Conviction on Count 1 reversed and remanded; otherwise affirmed.

---

[1] We note that the indictment in this case charged defendant with possession of heroin rather than methamphetamine and that the parties have treated the judgment as though it includes a conviction for possession of a controlled substance, ORS 475.840. The judgment, however, reflects that defendant was convicted of possession of methamphetamine—apparently a scrivener's error. Given our reversal and subsequent remand, we do not detain ourselves with that discrepancy.