Submitted October 28, 2008, reversed and remanded April 15, 2009

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# KIM ALLEN WILLIAMS,
*Defendant-Appellant.*

Crook County Circuit Court
05FE0006; A131518

206 P3d 269

James N. Varner filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney-in-Charge, Criminal Appeals, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

**ORTEGA, J.**

Defendant appeals a judgment of conviction for possession of a controlled substance, *former* ORS 475.992 (2003), *renumbered as* ORS 475.840 (2005). He assigns error to the trial court's denial of his motion to suppress evidence discovered during an inventory of his car. Defendant contends that the applicable inventory policy was overbroad because it required police to inventory the contents of all closed containers, not just those likely to contain valuables. For the reasons expressed below, we agree with defendant, reverse his conviction, and remand for further proceedings.

The facts are undisputed. Officer Marston stopped defendant for failing to signal properly before turning. Defendant could not provide proof of insurance; on further inquiry, Marston discovered that defendant's policy had lapsed. Marston decided to impound defendant's vehicle and asked him to remove from the vehicle all items of value that he wished to take. Defendant took some items and said that he would return for the rest, but did not do so. Police officers inventoried the contents of the vehicle and found a hard eyeglass case. Inside the case was, among other things, methamphetamine.

Two policies are potentially applicable to the inventory of defendant's car. The first was adopted by the Prineville City Police Department, effective July 2003. It requires that police conduct an inventory whenever a vehicle is towed pursuant to ORS 809.720, which provides that police may impound a vehicle on probable cause to believe that the driver has committed certain offenses, including driving uninsured. The police department policy provides, in part:

> "*In order to determine the presence of items of value in the vehicle and to protect these items, closed containers* found within the vehicle shall be opened for purposes of the inventory. Closed and locked containers shall not be forced open but shall be logged on the impound report as such. * * * Examples of closed containers are, but [are] not limited to, the following:

> "*a. Items such as fanny packs, backpacks, suitcases, briefcases or other similar item[s] that may contain items of value.*

*"b.   Camera cases, instrument cases or other case[s] that indicate[ ] that items of value may be contained within.*

*"c.   Items such as wallets, purses or money belts that are primarily used to store items of value such as currency or jewelry.*

*"d.   Containers that may be used to store items of value, such as money, jewelry or other items of value.*

*"e.   The container is an integral part of the vehicle such as a glove box or trunk."*

(Emphasis and boldface in original.)

The second potentially applicable policy is embodied in an ordinance that was adopted by the City of Prineville in March 2004, about eight months after the police department policy took effect. The ordinance provides that "[v]ehicles impounded should be inventoried to: 1) protect the owner's property while the property is in police custody; 2) reduce and prevent the assertion of false claims against police; and 3) to protect police and others from the dangers of impoundment of uninventoried property." The ordinance requires that the owner or operator of the impounded vehicle be asked to remove all valuables if possible and that, if removal is not possible, the valuables be inventoried. Although the ordinance contains some provisions that are virtually identical to the police department policy, the ordinance and the police department policy differ regarding the treatment of closed containers. In contrast to the police department policy quoted above, the ordinance provides, "All unlocked containers found within or on the vehicle shall be opened and the contents inventoried."

Before trial, defendant moved to suppress the evidence found in the eyeglass case. He contended that the opening of the eyeglass case was improper under Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution on two grounds. First, he argued that, if the ordinance and the police department policy are intended to determine the presence of items of value in an impounded vehicle, opening the eyeglass case was improper because police could have satisfied that purpose by

simply listing the case as an unopened eyeglass case in the inventory record. Second, he contended that, if the ordinance purports to authorize opening the eyeglass case, the ordinance is unconstitutionally overbroad.

The trial court denied defendant's motion, and defendant appeals, renewing the arguments that he asserted below. The state responds that the ordinance grants authority for the police department policy, but that the policy itself limits the scope of inventories and is the proper focus of analysis here. In the state's view, the police department policy requires an officer to open only those closed containers that may contain items of value; because the eyeglass case could contain such items, opening the case was proper.

To be valid, an inventory of a lawfully impounded vehicle "must be conducted pursuant to a properly authorized administrative program, designed and systematically administered so that the inventory involves no exercise of discretion by the law enforcement person directing or taking the inventory." *State v. Atkinson*, 298 Or 1, 10, 688 P2d 832 (1984) (citations omitted). Because of constitutional limitations on such administrative programs, "as a general rule, an inventory policy cannot authorize the police to open closed containers; in the classic example, the police must inventory a closed fishing tackle box as 'one fishing tackle box.'" *State v. Guerrero*, 214 Or App 14, 18, 162 P3d 1048 (2007) (citing *Atkinson*, 298 Or at 10) (further citation and internal quotation marks omitted). An inventory policy may, however, authorize opening containers that are designed to or likely to contain items of value. *Guerrero*, 214 Or App at 19-20. An inventory policy that requires police to open all closed containers, regardless of whether they are likely to contain valuables, is overbroad. *State v. Kay*, 227 Or App 359, 206 P3d 208 (2009); *State v. Nordloh*, 208 Or App 309, 312, 144 P3d 1013 (2006); *State v. Eldridge*, 207 Or App 337, 342-43, 142 P3d 82 (2006).[1]

Here, the state argues that the police department policy controlled the inventory of defendant's car and that

---

[1] The trial court did not have the benefit of those opinions at the time of the hearing on defendant's motion to suppress.

that policy allowed police to open only containers that might contain valuables. *Citing State v. Boone*, 327 Or 307, 314, 959 P2d 76 (1998), the state contends that, once policy-makers authorize police to inventory the contents of vehicles as the ordinance does here, the focus shifts to the police inventory policy to determine both whether the particular inventory falls within the terms of the inventory policy and whether, if so, the policy is overbroad.

We reject that reading of *Boone*. There, a city ordinance provided for the impoundment of vehicles but was silent concerning any inventory of vehicles; the police department had a policy requiring that impounded vehicles be inventoried before towing. 327 Or at 309. The court concluded that authority to inventory the contents of impounded vehicles was "implied from the authority granted to the department by the city to impound defendant's car." *Id.* at 314. From that conclusion, the court explained, "it follows that a law enforcement agency itself may adopt an inventory policy, provided that the policy comports with *Atkinson*'s other requirements." *Boone*, 327 Or at 314.

■■ Although *Boone* holds that a police department that has authority to impound vehicles also has the implied authority to adopt an inventory policy, *Boone* does not suggest that a police department inventory policy controls when the city's policy-makers have adopted a different inventory policy. Properly authorized city ordinances have the force and effect of law within the city's jurisdictional boundaries. *Safeway Stores v. Portland*, 149 Or 581, 598-99, 42 P2d 162 (1935). Even assuming that the ordinance at issue here did not repeal or replace the police department policy, it is axiomatic that the police department policy is invalid at least to the extent that it conflicts with the ordinance.

■ The state argues that the police department policy authorizes opening only those closed, unlocked containers that are likely to contain items of value—consistent with other inventory policies that we have upheld. *See Guerrero*, 214 Or App at 19-20. Even if we assume that the state is correct about the scope of the police department policy, however, that policy is invalid and thus provides no basis for the inventory of defendant's car if it conflicts with the ordinance. We

therefore consider whether the ordinance requires the police to open *all* closed containers or, consistently with the state's construction of the police department policy, only those containers that are likely to contain items of value.

The ordinance at issue states that "[a]ll unlocked containers found within or on the vehicle shall be opened and the contents inventoried." In interpreting ordinances, we use the same methodology as we do with state statutes. *State v. Connally*, 339 Or 583, 588, 125 P3d 1254 (2005). As with state statutes, then, we are bound by the plain meaning of unambiguous words used in city ordinances. *State ex rel Kirsch v. Curnutt*, 317 Or 92, 96, 853 P2d 1312 (1993). The ordinance unambiguously requires opening *all* closed, unlocked containers. Although a limitation on the scope of inventories could easily have been included, the ordinance contains no such limitation.

While acknowledging that the ordinance literally requires opening all closed containers, the state contends that it "is permissible to construe [the ordinance] to require the opening of only those closed containers that may contain 'items of value,' because the stated purpose is only to uncover, inventory, and secure 'items of value.' " The phrase "items of value," however, appears only in the police department policy. The ordinance itself makes no reference to "items of value"; it merely requires that the owner or operator of a seized vehicle be asked to remove "all valuables" from the vehicle. Although the ordinance's recitals indicate that inventories are intended to protect property in police custody, reduce false claims, and "protect police and others from the dangers of impoundment of uninventoried property," nothing in those recitals imposes a limit on the plain directive that "[a]ll unlocked containers found within or on the vehicle shall be opened and the contents inventoried." Thus, if the police department policy is read as imposing limits on the scope of the inventory, that policy conflicts with the ordinance and is invalid. Because the ordinance requires police to open all closed containers, it is overbroad. Accordingly, the evidence discovered in the inventory should have been suppressed. *Nordloh*, 208 Or App at 314.

Reversed and remanded.