FILED

MAR 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30107 |
| Plaintiff - Appellee, | D.C. No. 3:07-CR-00104-MO-1 |
| v. | |
| GEOFFREY BRUNICK, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted December 9, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

Geoffrey Brunick appeals his conviction as a felon in possession of a

firearm, contending that the weapon was obtained during an illegal search of the

vehicle in which he was a passenger. The district court upheld the search as a valid

search incident to arrest and, alternatively, as an inventory search pursuant to the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Beaverton, Oregon, police officers' impoundment of the vehicle. We affirm on the second ground only.

We review the denial of the motion to suppress de novo and the district court's factual findings for clear error. *United States v. Howard*, 447 F.3d 1257, 1262 n.4 (9th Cir. 2006). Searches conducted without a warrant are presumptively unreasonable under the Fourth Amendment. *United States v. Lemus*, 582 F.3d 958, 961 (9th Cir. 2009). The government therefore bears the burden of proving that the warrantless search of the vehicle was conducted pursuant to a "specifically established exception[] to the warrant requirement." *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001) (quotation omitted).

1. The district court relied on *California v. Acevedo*, 500 U.S. 565 (1991), in concluding that the search of William Waddell's car, in which Brunick was a passenger, fell within the search incident to arrest exception to the warrant requirement. After Brunick's conviction, however, the Supreme Court clarified that the search incident to arrest doctrine does not "allow a vehicle search incident to the arrest of a recent occupant even if there is no possibility the arrestee could gain access to the vehicle at the time of the search." *Arizona v. Gant*, 129 S.Ct. 1710, 1718 (2009). Police may "search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the

2

passenger compartment at the time of the search," or "when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Id.* at 1719 (quotations omitted).[1]

The government concedes that the first *Gant* factor is not present here, because Brunick and Waddell were handcuffed and secured in squad cars when the search occurred.

The second *Gant* factor is also not present here. There was no basis to believe that the car contained evidence of the crimes of arrest. Waddell was arrested for driving without a license. The police officers could not have expected to find evidence relevant to this offense within the car. *Id.*; *United States v. Ruckes*, 586 F.3d 713, 718 (9th Cir. 2009). Brunick was arrested for carrying a concealed weapon. The government asserted at oral argument that the car could have contained evidence that would have demonstrated Brunick's ownership or possession of the knife, such as a receipt or knife sheath. Neither item, however, would be probative of the offense for which Brunick was arrested. Oregon law defines the offense as carrying a weapon "concealed upon the person," Or. Rev.

---

[1] As the government concedes, although the search predated the Court's decision, *Gant* nonetheless governs our determination of whether this search was a valid search incident to arrest. *See United States v. Gonzalez*, 578 F.3d 1130, 1132 (9th Cir. 2009).

3

Stat. § 166.240(1); ownership is irrelevant. Moreover, the statute does not encompass weapons concealed within a vehicle. *State v. Crumal*, 633 P.2d 1313, 1314 (Or. Ct. App. 1981). The only evidence relevant to the crime, therefore, was the officers' observation of the knife falling from Brunick's body. As there was no possibility that Brunick or Waddell could access the car's contents and no "likelihood of discovering offense-related evidence," the search of Waddell's vehicle was not a valid search incident to arrest. *Gant*, 129 S.Ct. at 1719.[2]

**2.** The district court alternatively found that the officers conducted a valid inventory search after impounding Waddell's car. We agree.

Before the district court Brunick challenged only the conduct of the inventory search, not the decision to impound the car. As the government had no reason to present evidence supporting the validity of the impoundment, we may not reach the issue on this appeal. *Cf. Dream Palace v. County of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004).

---

[2] The government urges us to hold that *Gant*'s discussion of *Michigan v. Long*, 463 U.S. 1032 (1983) justifies the search of Waddell's vehicle based on "officer safety concerns" apart from the two factors *Gant* identified. The *Gant* Court cited *Long* merely to note that the presence of any dangerous individual, "whether or not the arrestee," who could access weapons in the car might justify a search. *Gant*, 129 S.Ct. at 1721. Here, however, both Brunick and Waddell were arrested and handcuffed at the time of the search.

4

As to the inventory search, such a search is valid if conducted according to "standard police procedures." *South Dakota v. Opperman*, 428 U.S. 364, 372 (1976). The Beaverton vehicle inventory ordinance requires the opening of closed containers if the officer conducting the search "reasonably believes that the closed container contains valuable or dangerous property." The district court found that the red duffel bag was closed but not locked, a credibility determination we do not disturb. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985). The presence of acetylene torches and the weight of the duffel bag led Officer Lutu reasonably to believe that the bag could have contained either more weapons which could be dangerous if the bag was not opened or additional valuable tools. Under the inventory policy in question, once Officer Lutu formed this reasonable belief, he was required to open the bag. *State v. Stone*, 222 P.3d 714, 717 (Or. Ct. App. 2009) ("[I]f an officer reasonably believes that a closed container holds valuable or dangerous personal property, the Beaverton ordinance requires the officer to open the container.").

AFFIRMED.